## J. D. LODGE v. B. C. TURMAN, ZADOCK JACKSON, AND WM. M. WAGGLE.

DEED ABSOLUTE ON ITS FACE—WHEN A MORTGAGE.—If a deed of land, absolute on its face, is executed and delivered in consideration of a precedent debt due from the grantor to the grantee, and there is at the time a verbal understanding between the parties that the grantor shall be entitled to a reconveyance upon the payment of the debt, then the conveyance is a mortgage.

SAME—PAROL EVIDENCE.—Parol evidence is admissible to show that a deed, absolute on its face, was intended as a mortgage.

SUIT AT LAW ON A NOTE—DEFENSE, PAYMENT BY DEED OF LAND.—Where an action is brought in a Court of law upon a promissory note, and a defense is interposed that the note has been paid by the execution and delivery of a deed of land by the maker to the payee, and the defendant, in proving the allegations of the answer, shows that the conveyance was in fact intended as a mortgage to secure the note, plaintiff is entitled to judgment.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

The facts are stated in the opinion of the Court.

*J. Temple*, for Appellant.

This action is brought upon a promissory note against three defendants, each of whom is a principal upon the note.

The only defence set up is payment. The fact of payment is denied in the replication, and this is the *only issue* in the case.

There is *no evidence* in the case which *tends* to prove payment. On the contrary, the evidence of Turman, one of the

defendants, proves conclusively that the note has *not been paid*, but tends to prove that he had given a mortgage to secure it.

There being no evidence to establish the only defense set up, the verdict and judgment are evidently contrary to the evidence and against law.

The judgment is that the note had been *paid*, and would prevent the plaintiff from foreclosing his mortgage, (if it be a mortgage,) when, by their own testimony, they ought to have that right.

The first and second instructions asked by the plaintiff, both contain correct propositions of law, were directly in point, and should have been given.

That these instructions are law, is clearly established in *Pierce* v. *Robinson*, 13 Cal. 125, and other decisions of this Court.

That they are in point, is evident from the fact that they relate to the question as to whether a certain transaction, concerning which testimony had been given, amounted to payment, the only issue in the case.

They take nothing from the province of the jury; for they simply say that if the jury find from the evidence that certain facts exist, then the law gives a certain effect to those facts.

*James W. Coffroth,* and *Francis McConnell,* for Respondent.

The instructions asked for by plaintiff were very properly refused by the Court below : First—because the instructions themselves are not law ; Second—because the instructions, *if law,* are neither *relevant* to the case, nor *warranted* by the pleadings.

The question of *payment,* in any view, is one of *fact,* to be determined by the jury. (*Griffith* v. *Grogan,* 12 Cal. 324 ; 2 Am. Lead. Cases, 180.)

The instrument in question is claimed, acknowledged, and admitted, by both the plaintiff and the defendants in the pleadings, to be a deed ; and the consideration of this deed being an antecedent debt, consisting of the note and other indebtedness, the legal inference is that the debt was dis-

charged upon the execution of the deed.    (*Ford* v. *Irwin*, 18
Cal. 117.)

The instruction, if relevant, is incorrect in this respect:
that it takes away from the jury the right to pass upon the
intention of the parties as to whether the deed was intended
as a mortgage.    The question is one of intentions, to be gath-
ered from the whole transaction.    (*Ford* v. *Irwin*, 18 Cal. 117.)

It is not incumbent on the Court to instruct the jury upon
mere abstract questions of law *irrelevant* to the case, as serv-
ing only to bewilder and mislead them from the true issue to
be determined.    (*Fowler* v. *Smith*, 2 Cal. 45; *Benham* v. *Rowe*,
2 Cal. 387.)

Instructions to the jury are properly refused when not *war-
ranted* by the pleadings.    (*Thompson* v. *Lee*, 8 Cal. 280.)

That the instructions were neither *warranted* by the plead-
ings, nor *relevant* to the case, is evident from the issues made
by the pleadings.

The plaintiff brings an action against three defendants upon
a promissory note.    Two of the defendants answer, and admit
the making of the note, and that they signed the same to
accommodate Turman, the other defendant; that Turman, on
the 6th of August, 1860, (some two weeks after the note was
given,) executed a deed to plaintiff of certain premises, in
satisfaction and discharge of the note.    Plaintiff replies, and
admits the making of the deed on the 25th day of July, 1860,
and that the note formed no part of the consideration of the
deed, without stating what the consideration of the deed was;
but says nothing about the deed being intended as a mortgage.
The pleadings are verified.    The evidence fully sustains all
the material allegations in defendants' answer, and establishes
that the deed, though bearing date July 25th, 1860, was not
signed and acknowledged until the 6th of August, 1860.

Now, under the pleadings, there is no doubt but the instru-
ment in question is a deed, and the plaintiff having stated in
his replication that the note sued upon formed no part of the
consideration of the deed, the instructions certainly could not

be material for plaintiff, but entirely unwarranted by the pleadings, and irrelevant to the case.

The only material point in issue is simply a question of fact as to the payment of the note. The jury find against the plaintiff, and in favor of the defendants, and their finding is conclusive. (*Griffith* v. *Grogan*, 12 Cal. 324.)

By the Court, CURREY, J.

This is an action of assumpsit, brought by the plaintiff against the defendants on a promissory note by them made and delivered to the plaintiff, bearing date the 25th day of July, 1860, by which they jointly and severally promise to pay to the plaintiff or order, five hundred dollars, three months after the date of the note, with interest thereon at the rate of three per cent per month.   Each of the defendants was duly served with process, and two of them, viz: Jackson and Waggle, appeared and answered, but the defendant Turman, having failed to appear or answer, was duly defaulted.   The defendants Jackson and Waggle answered jointly, admitting the making and delivery of the note, a copy of which was contained in the complaint, and then, as a defense, pleaded that the note was paid and satisfied by Turman on the sixth day of August, 1860 ; and they further answered that they signed the note, without consideration to themselves, as an accommodation to said Turman, who shortly afterwards, in order to relieve them from liability and to pay and discharge the note, conveyed to plaintiff certain real estate in the Town of Petaluma, in Sonoma County, for the consideration of one thousand dollars, and that the plaintiff paid to Turman five hundred dollars as a part of such consideration, and that it was agreed between them that the remaining five hundred dollars should be applied in satisfaction and discharge of the note.   The plaintiff replied, controverting the material averments of the answer.

The issue joined was tried by a jury, who rendered a verdict in favor of the defendants, on which judgment was entered

·in favor of the three defendants by name, against the plaintiff. A motion for a new trial was afterwards made and denied, and the appeal in the case is from the order denying the motion for a new trial and from the judgment.

On the trial the defendants gave in evidence the deed of conveyance referred to in the answer of Jackson and Waggle. This deed bears even date with the note, and the consideration expressed therein is one thousand dollars; but Turman testified that it was executed in fact on the sixth day of August, and was in payment of the note in question and another sum of five hundred dollars which he owed plaintiff. He also testified that by agreement with the plaintiff he had the privilege of redeeming the premises described in the deed upon paying to the plaintiff one thousand dollars, the consideration expressed in the deed, within twelve months after its execution. He further testified that he leased of the plaintiff the same premises for the term of one year, at the rate of thirty dollars a month; and in connection with this testimony a lease executed by the plaintiff and said Turman was introduced in evidence, which corresponded in date with the note and deed. Among other things, the lease contained this clause : " And the said lessee promises to pay the rent as follows, to wit : thirty dollars per month, payable at the end of each month ; but if five hundred dollars, the amount of a note of Turman to Lodge, should be paid at the end of any month, then thereafter but fifteen dollars per month is to be paid, until the entire sum of money as above is fully paid."

A witness testified that at the time the deed was executed, the defendant Turman promised the plaintiff that he would pay the whole punctually at its maturity.  The testimony being closed, the plaintiff requested the Court to instruct the jury, among other things, that if, at the time the deed was executed, there was an understanding between Lodge and Turman that there should be a re-conveyance of the land upon the payment of the note, then the document which purports to be a deed was a mortgage, and not a deed, although absolute on its face.

This instruction the Court refused to give to the jury, and to such refusal the plaintiff duly excepted, and on the motion for a new trial assigned this decision of the Court as error; and on appeal he again assigns this ruling of the Court as erroneous, and as demanding a reversal of the judgment.

From the evidence in the case, it is apparent that the question was directly presented as to the real character of the deed produced in evidence on the part of the defendants, and whether or not the parties intended it as an absolute conveyance, or as a mortgage to secure the payment of the note on which the action was brought. Turman, himself, testified that this note, and another sum of five hundred dollars, which he owed the plaintiff, was the consideration for the conveyance, and that he had the privilege of redeeming the premises by paying plaintiff one thousand dollars—the consideration expressed in the deed. From what was Turman to redeem the premises, if not from the incumbrance of the debts, to secure which he conveyed the same to the plaintiff? The language employed would seem to indicate the real character of the transaction, and that the conveyance was intended as a mortgage rather than as an absolute conveyance; and this intent is still more manifest from the clause in the lease to which reference has been made. Be this as it may, there was evidence before the Court from which to determine whether the deed given in evidence was executed and delivered in satisfaction and payment of the note, or whether the same was intended as a security for its payment. If this deed was intended by the parties as a mortgage, its character as such could not be defeated, because the deed is absolute on its face. The right of a mortgagor in such a case to redeem the property, by due performance of the condition on his part to be performed for the purpose, is an incident, as between the parties to the transaction, inseparably connected with the mortgage.

In *Pierce v. Robinson*, 13 Cal. 125, Mr. Justice Field says: "I consider parol evidence admissible in equity to show that a deed absolute on its face was intended as a mortgage, and

Lodge *v.* Turman *et als.*

that the restriction of the evidence to cases of fraud, accident, or mistake, in the creation of the instrument, is unsound in principle and unsupported by authority." And again he says: "As the equity upon which the Courts act arises from the real character of the transaction, it is of no consequence in what manner this character is established, whether by deed or other writing, or by parol. Whether the instrument—it not being apparent on its face—is to be regarded as a mortgage, depends upon the circumstances under which it was made and the relations subsisting between the parties. Evidence of these circumstances and relations is submitted, not for the purpose of contradicting or varying the deed, but to establish an equity superior to its terms."

Judge Willard, in his Treatise on Equity Jurisprudence, 429, says: "It is well settled that parol evidence is admissible in a Court of equity to show that a conveyance absolute in its terms was intended as a security for a debt." And he refers to many cases to sustain this doctrine. The same learned author also says: "As between the parties themselves, or purchasers with notice, or without consideration, the true character of the transaction may be shown, notwithstanding the Statute of Frauds."

If it be objected that the plaintiff's action was in a Court of law, and that therefore parol evidence was not admissible to show that the deed produced was intended as a mortgage, the answer to the objection is that the defense set up by the defendants who answered was that by the conveyance the note was paid and satisfied, and in their attempt to make good their averment they proved enough to determine the true character of the conveyance, and that it was intended as a mortgage. The deed being a mortgage in fact, it could not operate as a payment of the amount of the note and the interest thereon, and hence the defendants' liability to pay the debt remained subsisting at the commencement of the action and at the trial.

The instruction requested should have been given, and the refusal of the Court to so instruct was erroneous.

The judgment is therefore reversed and the cause remanded for a new trial.