[No. 7,291.—Department Two.]

# LA SOCIETE FRANCAISE D'EPARNGNES ET DE PREVOYANCE MUTUELLE *v.* ELIZABETH F. SELHEIMER.

JURY TRIAL—EQUITY PRACTICE.—It is entirely within the discretion of the Court to grant or refuse a demand for a jury trial in an equity case.

RECEIVER—MORTGAGE—FORECLOSURE.—Section 564 of the Code of Civil Procedure authorizes the appointment of a receiver in an action to foreclose a mortgage, where it appears that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt.

APPEAL from a judgment for the plaintiff, in the Superior Court of the City and County of San Francisco. SULLIVAN, J.

After the decision, the appellant filed her petition for a rehearing, and the application was denied.

*James B. Townsend,* for Appellant.

*Stanly, Stoney & Hayes,* for Respondent.

SHARPSTEIN, J.:

The plaintiff brought an action to foreclose a mortgage executed by one B. J. Shay; and the appellant, who purchased the mortgaged premises from Shay subsequently to the execution of the mortgage, was made a party defendant for the purpose of having her equity of redemption foreclosed. She answered and alleged, among other things, that the transaction between Shay and the plaintiff was not a real loan, but that the money which Shay obtained from the plaintiff was advanced by it to him, in order that he might purchase the property for

the plaintiff, and then sell it for a much larger sum than he otherwise could, by reason of the plaintiff having lent so large a sum upon it.    And the appellant alleges that she was induced, by reason of representations made by plaintiff and Shay, to purchase said premises at a price greatly in excess of their real value.    It appears that the value of the property at the date of her purchase was, in fact, less than the sum for which it was mortgaged.

It is not necessary for this Court to determine whether the allegations of appellant's answer, if uncontradicted, would entitle her to any relief, because the Court has found directly against her upon the *gravamen* of her complaint.    The findings in substance are, that the relations between Shay and the plaintiff were simply those of borrower and lender, and that the latter never had any other interest in the premises than that of mortgagee.

Appellant demanded a submission of the issues raised by her answer to a jury, which was refused.    Nothing is better settled in this State than that it is entirely within the discretion of the Court to grant or refuse such a demand in an action in equity. And this proceeding, so far as it affects appellant, is purely one in equity.    She was made a defendant in order that her equity of redemption might be foreclosed, and for no other purpose.

The objection that the Court appointed a receiver of the rents and profits of the premises during the pendency of the action is answered by the Code of Civil Procedure, which authorizes the appointment of a receiver where it appears, as it did in this case, " that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt."    (Code Civ. Proc. § 564.)

We are unable to discover anything in this case which distinguishes it from the ordinary action of foreclosure in which subsequent purchasers are made parties for the sole purpose of having their equity of redemption foreclosed.

Judgment affirmed.

MORRISON, C. J., and MYRICK, J., concurred.