[No. 13448.  Department One. — January 8, 1890.]

JOHN W. DOWNING, RESPONDENT, *v.* JEAN LE DU, DEFENDANT, AND ANNA F. LE DU, APPELLANT.

JURY TRIAL — WAIVER — RECITAL IN FINDINGS — BILL OF EXCEPTIONS. — The recital of the waiver of a jury trial in the findings cannot prevail against a showing in the bill of exceptions that a jury trial was demanded and denied.

ID. — TRIAL OF LEGAL ISSUES IN EQUITABLE ACTION — FORECLOSURE OF MORTGAGE. — In an action for the foreclosure of a mortgage, issues raised as to the execution of the note and mortgage, and as to a homestead in the property, though not equitable issues, are not separately triable by jury. The action, being equitable, is triable by the court, which may pass upon all legal issues incidental to the equitable relief sought.

RECORD OF MORTGAGE. — The recording of a mortgage is not necessary as between the parties to it; and is only necessary to give notice to third parties. The execution of the mortgage creates the lien, without reference to the recording.

CERTIFICATE OF ACKNOWLEDGMENT BY MARRIED WOMAN — FINDING — SUFFICIENCY OF EVIDENCE. — The certificate of the officer taking an acknowledgment of a married woman, showing that the acknowledgment was in due form, is *prima facie* evidence of proper acknowledgment sufficient to support a finding that the instrument was acknowledged as required by law, whether corroborated by parol testimony or not.

CONSIDERATION OF NOTE AND MORTGAGE — EVIDENCE. — No proof is required, in an action to foreclose a mortgage, of any consideration moving to the mortgagor. The note imports a consideration.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John I. Caldwell,* and *George D. Buckley,* for Appellant.

*Caldwell & Little,* for Respondent.

WORKS, J. — This was an action by the respondent against the appellant and her husband to recover on a promissory note executed by them jointly, and to foreclose a mortgage on certain real estate given by them to secure payment of the same. The husband allowed judgment to be taken against him by default. The wife answered, denying the execution of both the note and

mortgage, and setting up a homestead in the property.
There was judgment against her, and she appeals.

The bill of exceptions shows that she demanded a
jury trial, which was denied her, and she excepted. This
is assigned as error. The respondent contends that she
waived a jury trial, and it is so recited in the findings.
But there is nothing in the record showing such waiver,
and the recital in the findings that there was a waiver
cannot prevail against the showing in the bill of excep-
tions that she demanded a jury and it was denied. The
respondent further contends that the case was a purely
equitable one, and that therefore she was not entitled, as
a matter of right, to a trial by jury. But was this a
purely equitable case?

The defendant denied the execution of the note, and
denied that she was indebted to the plaintiff upon it for
any sum. These were not equitable issues. Standing
alone they would have been triable in a court of law.
Could the fact that the issues were joined with others of
an equitable character deprive her of the right to a trial
by jury upon those which were not equitable? The
case of *Societe Francaise* v. *Selheimer*, 57 Cal. 623, does not
reach the point. That case was one to foreclose a mort-
gage, but the party appealing was not a party to the
note or mortgage, but was a subsequent purchaser of
the mortgaged property, and as to her the issues were
purely equitable. It was said in that case: "Appellant
demanded a submission of the issues raised by her an-
swer to a jury, which was refused. Nothing is better
settled in this state than that it is entirely within the
discretion of the court to grant or refuse such a demand
in an action in equity. And this proceeding, *so far as
it affects the appellant,* is purely one in equity. *She was
made a defendant in order that her equity of redemption
might be foreclosed, and for no other purpose.*"

The other cases cited by the respondent are not in
point, except that they support the well-settled rule that

in purely equitable cases a party cannot demand a jury as a matter of right. But this precise question was before the court of appeals of New York in a late case, in which the defendants pleaded part payment of the amount due. It was held in that case that the party was not entitled to a jury, the court saying: "This is an action for the foreclosure of two mortgages on real estate, and was triable by the court. The defendant was not entitled as matter of right to a trial by jury. Although a sale of the mortgaged premises might result in a deficiency for which a money judgment could be docketed against the defendant liable for such deficiency, such a judgment was not the sole object of the action, but was an incident of the equitable relief sought. It might not even become necessary, as the mortgaged premises might bring a sufficient sum to pay the mortgaged debt, and the circumstance, that in the contingency of the premises proving insufficient, a judgment for the deficiency might result, did not entitle the defendant to a jury trial." (*Carroll* v. *Daniel*, 95 N. Y. 254.)

We are of the same opinion, and hold that a jury trial was properly denied.

It is contended by the appellant that the findings of the court were not sustained by the evidence, but we think otherwise. One contention is, that no lien was established, because there was no proof that the mortgage was recorded. But the action being against the mortgagor, this was not necessary. The execution of the mortgage created the lien. The recording of a mortgage is not necessary as between the parties to it. It is only necessary to give notice to third parties.

It is further contended that the mortgage was not properly acknowledged by the appellant. But the certificate of the officer shows the acknowledgment to have been in due form, and if it were conceded, as contended by the appellant, that the certificate was not conclusive, but only *prima facie* evidence of a proper acknowledg-

ment, we think it is corroborated by the parol testimony; but if it were not, it was sufficient to uphold the finding. It is claimed, also, that it was not shown that there was any consideration moving to the appellant for the note and mortgage. This was not necessary. The note imported a consideration, and no such proof was necessary.

Judgment and order affirmed.

PATERSON, J., and Fox, J., concurred.