## TAYLOR v. FORD.*

### No. 12,982; October 18, 1890.

#### 24 Pac. 942.

**Jury—Right to Jury Trial.—Plaintiff Brought an Action** under Code of Civil Procedure, section 1050, alleging that defendant was making a claim against him for money upon a pretended promissory note; that the exact nature of the claim was unknown to plaintiff; and praying that defendant be compelled to set forth the nature and extent thereof, in order that the court might determine it to be invalid. Defendant answered in the form of an ordinary complaint on a promissory note, and to this plaintiff filed a reply, alleging fraud in procuring the note, mistake, and want of consideration. Held, the action being purely statutory and equitable in form, the reply to plaintiff's answer was unnecessary to the relief sought, and he was not entitled to a jury trial upon the issue thereby raised.

APPEAL from Superior Court, City and County of San Francisco.

---

*For subsequent opinion in bank, see 92 Cal. 419, 28 Pac. 441.

Code of Civil Procedure, section 1050, provides: "An action may be brought by one person against another for the purpose of determining an adverse claim, which the latter makes against the. former, for money or property upon an alleged obligation; and also against two or more persons, for the purpose of compelling one to satisfy a debt due to the other for which plaintiff is bound as a surety."

Chas. F. Hanlon for appellant; Page & Eells for respondent.

WORKS, J.—This action was brought by the appellant under section 1050 of the Code of Civil Procedure, alleging in his complaint, in substance, that the respondent was making an adverse claim for money against him, on a pretended obligation, to wit, a promissory note; that the exact nature of the claim was unknown to the plaintiff; that no suit had been brought on said claim; that he desired that said claim be brought forward and determined; and praying that the defendant "be compelled to set forth the nature and extent of said claim, and the particulars thereof, in a concise form, and that any cause of action that he pretends to have be fully alleged against this plaintiff, and that thereupon the same be determined by this court to be of no force and validity, and that the plaintiff have judgment against the defendant; that the defendant take nothing under said claim; and that the plaintiff recover costs." The defendant answered by alleging that the plaintiff was indebted to him in the sum of $2,660.44, on a promissory note, a copy of which note is set out in the answer. This answer is, in legal effect, the same as an ordinary complaint on a promissory note, and prays for judgment in like manner. The only allegations therein, not properly belonging to a complaint on a promissory note, are that the note set out is the obligation mentioned in plaintiff's complaint, and a denial of the allegation in the complaint that the plaintiff did not know the exact nature of the defendant's claim. The plaintiff treated the defendant's answer as a cross-complaint, so far as it set up and relied upon the note, and filed an answer thereto, alleging fraud in procuring the note, mistake and want of consideration. On the issues thus formed the case went to trial. The court below found for the

defendant, and rendered judgment in his favor on the note. The plaintiff moved for a new trial, which was denied, and he appeals. The plaintiff demanded a jury trial as to what he claims were the legal issues formed by the answer or cross-complaint, and his answer of fraud, mistake and want of consideration. This was denied, and he complains that this was error. The respondent contends that there were no legal issues in the case; that the action was brought by the plaintiff; that it was statutory and equitable in its nature; that the issue presented was made by the complaint, and the answer of the defendant; and that the pleading on the part of the plaintiff by way of answer was unnecessary and superfluous. The question is not entirely free from doubt, but we think that the court below was right in denying the plaintiff a jury trial. The real issue presented by the pleadings was whether the defendant's claim was a pretended one, as alleged by the plaintiff, or a valid one, as averred by the defendant. If an invalid and pretended one, asserted against the plaintiff, he was entitled to judgment so declaring it. If a valid one, as claimed by the defendant, he was entitled to a judgment to that effect, and that it be enforced as such. The plaintiff, instead of waiting and allowing the defendant to bring his action on the note, saw fit to bring a purely statutory action, equitable in form, to have the claim declared invalid and set aside, and prayed in his complaint for such relief. The sole object of his complaint was to have the claim presented that he might have it so declared and set aside. It was only necessary for the defendant to set up his claim. This presented the whole issue. No pleading was necessary on the part of the plaintiff in reference to the defendant's answer. It was not a cross-complaint, nor was it pleaded as such. Under the allegations of his complaint the plaintiff might have proved every fact necessary to show the invalidity of the defendant's claim without further pleading. This was the gist of his complaint, and the very foundation of his right to maintain the action. The fact that legal issues, incidental to the main issue, which is equitable, must be determined in arriving at a decision of the case, does not entitle either party to a jury trial: Downing v. Le Du, 82 Cal. 472, 23 Pac. 202. In this case the cause of action being to declare an obligation invalid, and to set it aside, the real issue in the case was equi-

table, and the plaintiff, having chosen this equitable remedy, and thus brought the defendant into court to meet his equitable cause of action, cannot complain that a jury trial, which would have been his right, if he had allowed the defendant to maintain his common-law action on the note, was denied him. It is contended that the findings of the court below were not sustained by the evidence, and that they do not sustain the judgment. There was evidence to support each of the findings, and the weight of the evidence must be left to the determination of the trial court. The findings are sufficient to uphold the judgment. Judgment and order affirmed.

We concur: Fox, J.; Paterson, J.