[Sac. No. 511.   Department Two.—March 24, 1899.]

W. G. DUNCAN et al., Respondents, v. F. M. CURRY et al.,
Appellants.

MORTGAGE BY HUSBAND ` AND WIFE—PRIOR RECORD OF HOMESTEAD—
CONSTRUCTION OF CODE.—Under subdivision 3 of section 1241 of the
Civil Code, a mortgage executed and acknowledged by both
husband and wife, though unrecorded before the filing for record
of a homestead claim upon the mortgaged premises, will prevail
over the homestead claim.   Subdivision 4 of the same section,
giving preference to debts secured "by mortgages on the prem-
ises, executed and recorded before the declaration of·homestead
was filed for record," must be construed as referring to mort-
gages other than those executed by both the husband and wife
whose especial case is provided for in subdivision 3.

APPEAL from a judgment of the Superior Court of Yolo
County.   E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

R. Clark, and Hudson Grant, for Appellants.

F. E. Baker, for Respondents.

McFARLAND, J.—This is an action to foreclose a mortgage
executed by the defendants F. M. Curry and his wife, A. V.
Curry.   Judgment was rendered in the court below foreclosing
the mortgage as against both defendants; and the defendants ap-
peal from the judgment, and particularly from that part of it
which decrees that the lien of the mortgage is paramount to a
certain homestead right set up in the answer.

On the twenty-fourth day of November, 1894, the appellants,
husband and wife, executed the mortgage in question, which,
however, was never recorded.   On December 14, 1895, the appel-
lant A. V. Curry, the wife, duly executed a declaration of home-
stead upon the mortgaged premises, which was on said day duly
recorded; and it was contended by appellants that this declara-
tion of homestead defeats the mortgage lien.   It is true that the
homestead is exempt from forced sale except in the instances
enumerated in the four subdivisions of section 1241 of the Civil
Code.   But subdivision 3 of that section is as follows:  "On debts
secured by mortgages on the premises, executed and acknowl-

edged by the husband and wife, or by an unmarried claimant";
and, of course, the case at bar is clearly within the terms of that
subdivision. It is contended by appellants that the case is gov-
erned by subdivision 4 of this section, which is as follows: "On
debts secured by mortgages on the premises, executed and re-
corded before the declaration of homestead was filed for record."
It is quite evident, however, that subdivision 4 relates to mort-
gages not embraced in subdivision 3. There is clearly room for
such a construction of the two subdivisions as will allow both to
stand. Subdivision 3 relates to mortgages executed by both hus-
band and wife; and its provisions as to that class of mortgages
are positive and beyond doubt. Subdivision 4 applies to mort-
gages—and of course there are many such—which are not exe-
cuted by both husband and wife. The two subdivisions, con-
sidered together, clearly mean that a mortgage not recorded be-
fore the declaration of homestead is filed cannot be enforced as
against the homestead, unless it had been executed by both hus-
band and wife. The cases of *Ontario Bank v. Gerry*, 91 Cal. 94,
*First Nat. Bank v. Bruce*, 94 Cal. 77, and *Lee v. Murphy*, 119
Cal. 364, cited by appellant, are not in point. In all of these
cases a mortgage had been executed by the husband alone, and
the wife had not executed any instrument or performed any act
which had in any way compromised her homestead right. In
neither of them, nor in any case decided by this court to which
we have been referred, is there any reference to or discussion
of subdivision 3. In *Downing v. LeDu*, 82 Cal. 471, the action,
and the facts, were substantially like those in the case at bar.
There, as here, the mortgage was executed by both husband and
wife, and the wife claimed that her homestead was paramount
to the mortgage because the latter had not been recorded.
Judgment in the court below was for plaintiff and against both
defendants, and the judgment was here affirmed, although the
justice who wrote the opinion in that case made no allusion to
subdivision 3. But the reasons there given for affirming the
judgment were undoubtedly those which moved the legislature
when enacting subdivisions 3 and 4 of said section 1241.

For these reasons we think that the court below properly de-
cided the case.

The judgment appealed from is affirmed.

Temple, J. and Henshaw, J., concurred.