[Sac. No. 404.    Department One.—July 10, 1899.]

## BANK OF WOODLAND, Respondent, v. WILLIAM OBER-HAUS et al., Appellants.

ACKNOWLEDGMENT—MINISTERIAL ACT.—The act of a notary in taking an acknowledgment of an instrument is ministerial, and not judicial, in its nature.

ID.—AGENCY OF NOTARY—INTEREST IN TRANSACTION.—Notaries public are not disqualified by reason merely of being agents of the parties to the instruments to be acknowledged, if they are not pecuniarily interested in the transaction.

ID.—MORTGAGE TO BANK—ACKNOWLEDGMENT BY CASHIER.—The acknowledgment of a mortgage to a bank before a notary who was cashier of the bank, is not for that reason alone invalid, if it appears that the cashier had no interest in the bank or in its property, but was a mere salaried officer, and that his position as notary was distinct from his position as cashier, and that the fees received by him as notary belonged to him individually, and not to the bank.

HOMESTEAD—SELECTION REQUIRED—RESIDENCE PRIOR TO CODES—VALIDITY OF MORTGAGE.—There can be no legal homestead since the enactment of the codes, merely from residence, without selection, and the record of a declaration thereof, notwithstanding the husband and wife may have resided upon the premises since a date prior to the codes; and a mortgage executed and recorded before a declaration of homestead is filed is a valid charge upon the premises.

APPEAL from a judgment of the Superior Court of Yolo County and from an order denying a new trial. W. H. Grant, Judge.

The action was for the foreclosure of two mortgages upon property of the defendants situated in Yolo county, executed by the defendants, husband and wife, to the Bank of Woodland, and acknowledged by both of the defendants November 7, 1893, before C. F. Thomas, notary public. The mortgages were made to secure an individual note of the husband; and were renewals of former mortgages executed several years previously by the husband alone. The premises were acquired in 1863, and were used as a family residence continuously from April, 1867. The defendants pleaded that C. F. Thomas was cashier and business manager of the Bank of Woodland, and that the

debts were contracted and the mortgages executed under his management and at his request as cashier, agent, general and business manager of the plaintiff, and that he was disqualified to take the acknowledgment of the mortgages. Further facts are stated in the opinion.

Charles W. Thomas, for Appellant.

The mortgage, not being properly acknowledged, did not create any charge upon the homestead. (*Landers v. Bolton*, 26 Cal. 393, 408; *McQuade v. Whaley*, 31 Cal. 526, 538; *Merced Bank v. Rosenthal*, 99 Cal. 39, 49; *Montana Nat. Bank v. Schmidt*, 6 Mont. 609.) The homestead acts of 1860 and 1862 attached to the premises by virtue of the family residence thereon since April, 1867. The filing of a declaration of homestead under the code was not a conveyance, or the creation of a new title to the homestead, but was declaratory of the interest created by the previous family residence. (*Ontario State Bank v. Gerry*, 91 Cal. 94, 97; *First Nat. Bank v. Bruce*, 94 Cal. 77; *Beaton v. Reid*, 111 Cal. 484; *Fitzell v. Leaky*, 72 Cal. 477, 483.) The homestead law should be liberally construed in favor of the claimant. (*Southwick v. Davis*, 78 Cal. 504, 507; *Schuyler v. Broughton*, 76 Cal. 524, 525; *Heathman v. Holmes*, 94 Cal. 291, 296; *City Store v. Cofer*, 111 Cal. 482; *Beaton v. Reid, supra.*) The taking of an acknowledgment is a *quasi* judicial act. (*Wedel v. Herman*, 59 Cal. 507, 513; *People v. Bartels*, 138 Ill. 322; *Wasson v. Connor*, 54 Miss. 351; *Long v. Crews*, 113 N. C. 256; *Beaman v. Whitney*, 20 Me. 413; *Groesbeck v. Seeley*, 13 Mich. 329; *Davis v. Beazley*, 75 Va. 491; *Bowden v. Parrish*, 86 Va. 67; 19 Am. St. Rep. 873; *Brown v. Moore*, 38 Tex. 645.) The cashier is the executive officer of the bank, and represents it as its legal executive. (4 Thompson on Corporations, sec. 4740; *United States v. City Bank*, 21 How. 356, 364.) The cashier held a trust relation to the bank, and was its executive agent, and business manager and representative; and he was disqualified to take the acknowledgment. (*Merced Bank v. Rosenthal, supra; Holden v. Brimage*, 72 Miss. 228; *Hogans v. Carruth*, 18 Fla. 587; *West v. Krebaum*, 88 Ill. 263; *Hubble v. Wright*, 23 Ind. 322; *Wilson v. Traer*, 20 Iowa, 231; *Groesbeck v. Seeley, supra; Laprad v. Sherwood*, 79 Mich.

520; *Wasson v. Connor, supra; Hainey v. Alberry,* 73 Mo. 427; *Beaman v. Whitney, supra; Stevens v. Hampton,* 46 Mo. 404; *Brown v. Moore,* 38 Tex. 645; *Tavenner v. Barrett,* 21 W. Va. 658; *Bowden v. Parrish,* 86 Va. 67; 19 Am. St. Rep. 873; *Withers v. Baird,* 7 Watts, 227; 32 Am. Dec. 754; *Kimball v. Johnson,* 14 Wis. 674, 683; *Sample v. Irwin,* 45 Tex. 567; *Nichols v. Hampton,* 46 Ga. 253; *Rothschild v. Dougher,* 85 Tex. 332; 34 Am. St. Rep. 811; *Corey v. Moore,* 86 Va. 721; *Long v. Crews, supra; Davis v. Beazley, supra; Smith v. Clark,* 100 Iowa, 605; *Jones v. Porter,* 59 Miss. 628; *Armstrong v. Combs,* 44 N. Y. Supp. 171; 15 N. Y. App. Div. 246.)

N. A. Hawkins, for Respondent.

The declaration of homestead filed after suit of foreclosure commenced and *lis pendens* filed, was subject to the mortgages, without reference to the validity of the acknowledgment. (*Hastings v. Vaughn,* 5 Cal. 314; *Ricks v. Reed,* 19 Cal. 551; 557; *Landers v. Bolton,* 26 Cal. 393; *Downing v. Le Du,* 82 Cal. 471; *Tolman v. Smith,* 85 Cal. 282; *Grant v. Oliver,* 91 Cal. 159; *Delano v. Jacoby,* 96 Cal. 276; 31 Am. St. Rep. 201; Civ. Code, secs. 1214, 1217; *Roach v. Riverside Water Co.,* 74 Cal. 263.) There being nothing on the face of the acknowledgment to show any disqualification of the notary the instrument was entitled to record, and imparted constructive notice. (Webb on Record Title, sec. 67; *Bank of Benson v. Hove,* 45 Minn. 40; *Stevens v. Hampton,* 46 Mo. 404, 408; *Heilbrun v. Hammond,* 13 Hun, 477, 489; *Titus v. Johnson,* 50 Tex. 224, 240; *National Bank v. Conway,* 1 Hughes, 37; *Bank of Merced v. Rosenthal,* 99 Cal. 39, 47; *Lee v. Murphy,* 119 Cal. 364.) The cashier was not interested in the bank, but was merely a salaried officer, and his office as cashier had nothing to do with his action as notary. A mere agent for one of the parties without personal interest in the transaction is not disqualified to take an acknowledgment. (*Bank of Benson v. Hove, supra; Penn v. Garvin,* 56 Ark. 511; *Sawyer v. Cox,* 63 Ill. 130; *Horbach v. Tyrrell,* 48 Neb. 514; *Kutch v. Holley,* 77 Tex. 220; *Helena etc. Bank v. Roberts,* 9 Mont. 323; *Florida Sav. Bank v. Rivers,* 36 Fla. 575; *Kimball v. Johnson,* 14 Wis. 674; *Bierer v. Fretz,* 32 Kan. 330; *Reavis v. Cowell,* 56 Cal. 591; *Lynch v. Livingston,* 6 N. Y. 433;

*Nixon v. Post,* 13 Wash. 181; *Remington Paper Co. v. O'Dougherty,* 81 N. Y. 474, 478, 483.)　The action of a notary on taking an ordinary acknowledgment is ministerial only.　(*Horbach v. Tyrrell, supra; People v. Bartels,* 138 Ill. 322; *People v. Bush,* 40 Cal. 346.)

VAN DYKE, J.—The main contention on the part of the appellant is that the mortgages are invalid on the ground that the acknowledgments, having been taken before the cashier of the plaintiff bank, are void.　The court finds that C. F. Thomas, the notary who took the acknowledgments of said mortgages, was the cashier of the plaintiff bank, but that he was not a stockholder in said bank, nor a director thereof, but an appointee of the board of directors and employed by them as such cashier upon a fixed and definite salary.　The evidence fully supports this finding, and further shows that he had no interest in the property or income of the bank; that his services were neither increased nor diminished by its gains or losses, and that his business as notary was distinct and independent of his duties as cashier of the bank, and whatever fees he received or collected as notary were his individually, and did not go to the bank.

In some of the states it has been held that a notary, in taking an acknowledgment, acts judicially; in others, that he acts ministerially.　*Elliott v. Peirsol,* 1 Pet. 328, was a case that went up from Kentucky, where the clerk was authorized by statute to take and certify the acknowledgments of deeds, and the court there say: "We are of opinion he acted ministerially, not judicially, in the matter," and held that after his certificate passed from his hands he had no power of correcting it.　This court, in *Bours v. Zachariah,* 11 Cal. 295; 70 Am. Dec. 779, after quoting from that case, say: "Where is the difference between the clerk's power ceasing on his recording the deed and certificate, and the notary's power ceasing after recording by the clerk? . . . . The whole reasoning of the court in the section quoted is direct to show that the notary could have no such authority; for all the evils which are so well stated would follow as well from permitting alterations of the record to be made by amendments of the notary as of the clerk."　There are some decisions to the effect that where the acknowledgment is a nec-

essary part of the execution of the instrument, as in some cases in reference to the acknowledgment of a married woman, that then the officer acts judicially in taking the acknowledgment. When these mortgages were executed, however, it required no separate acknowledgment on the part of the wife.

. But in this state it would seem that a notary public does not exercise judicial functions. The constitution prescribes where the judicial power of the state is lodged, and what courts and officers exercise judicial power, and notaries public are not included therein. (Const. art. VI.) Upon principle, it would seem that the act of a notary in taking the acknowledgment of a conveyance is not judicial in its nature. For judicial acts the officer is not liable either for ignorance or negligence, but only for corrupt and intentional misconduct in the discharge of . his official duties. On the other hand, ministerial officers are pecuniarily liable for negligence, regardless of intentions, whether good or bad. It has been held in this state that a notary public and his bondsmen are liable for damages caused by negligence in taking the acknowledgment of a conveyance or mortgage. (*Fogarty v. Finlay,* 10 Cal. 239; 70 Am. Dec. 714; *Heidt v Minor,* 89 Cal. 115.) In *People v. Bush,* 40 Cal. 344, the court distinguishes between ministerial and judicial duties, saying: "A judicial officer may be required by law to discharge other than judicial duties. He may, by authority of law, perform ministerial acts, but when performed they do not become judicial acts because they are performed by a judicial officer. This becomes apparent on a moment's consideration. A county judge is authorized, among other things, to take the acknowledgment of a deed and to solemnize a marriage. No one will contend that in performing those acts he exercises judicial functions." It has been held that notaries public, where attorneys or agents of parties, were not for that reason disqualified in taking acknowledgments or protesting bills where they are not pecuniarily interested in the transaction. (*Horbach v. Tyrrell,* 48 Neb. 514; *Penn v. Garvin,* 56 Ark. 511; *Moreland v. Citizen's Sav. Bank,* 97 Ky. 211; *Florida Sav. Bank v. Rivers,* 36 Fla. 575.) We think the notary in this case was not disqualified from taking the acknowledgments of the mortgages in question.

It is further contended by the appellant that the homestead

antedated the execution of the mortgage, from the fact that the defendants made the premises their home and resided thereon. Since the codes there can be no legal homestead merely from residence without selection. "The homestead consists of the dwelling-house in which the claimant resides and the land on which the same is situated, selected as in this title provided." (Civ. Code, sec. 1237.)

The mortgages in suit were acknowledged respectively August 26, 1892, and November 7, 1893, and recorded of those dates. Suit was brought for their foreclosure, and *lis pendens* filed and recorded October 19, 1895. Although the parties resided on the premises in question a number of years before the execution of the mortgages, the declaration of the homestead was not filed until November 4, 1895. "The homestead is subject to execution or forced sale in satisfaction of judgments obtained. . . . . 4. On debts secured on mortgages upon the premises executed and recorded before the declaration of homestead was filed for record." (Civ. Code, sec. 1241.)

The judgment and order denying a new trial are affirmed.

Harrison, J., and Garoutte, J., concurred.