[Sac. No. 812.    Department One. — July 24, 1901.]

MARY D. KLEINSORGE, Respondent, v. ALBERT F.
KLEINSORGE et al., Defendants. MAMIE L. KLEIN-
SORGE, Appellant.

MORTGAGE — HUSBAND AND WIFE — PRIORITY OVER HOMESTEAD. — An
unrecorded mortgage, executed by a husband and his wife, is entitled
to priority over a subsequent declaration of homestead, made by the
wife, on the mortgaged property, which is first recorded.

PROMISSORY NOTE — STIPULATION FOR RENEWAL — DEFAULT IN INTEREST.
— A promissory note made payable one year after date, with inter-
est payable monthly, and providing that if the interest is not paid
as stipulated, the whole note may, at the option of the holder, "be
treated as due and collectable," and that if not paid at maturity,
"it is hereby renewed from year to year, at the option of the holder,
until paid, and during such year the maker shall not have the right
to pay the same," may be sued on by the holder, during such re-
newal period, after a default in the payment of interest occurring
therein.

APPEAL from a judgment of the Superior Court of Sacra-
mento County and from an order refusing a new trial. Joseph
W. Hughes, Judge.

The facts are stated in the opinion.

W. A. Gett, for Appellant.

W. E. Kleinsorge, and L. T. Hatfield, for Respondent.

CHIPMAN, C. — Action to foreclose a mortgage. Defend-
ant Albert F. Kleinsorge made default. Plaintiff had judg-
ment against both defendants, from which and from the order
denying her motion for a new trial defendant Mamie L. Klein-
sorge appeals.

The note and mortgage were executed by both defendants,
who are husband and wife. The note was dated August 1,
1896, and was drawn payable one year after date, with interest
payable monthly. The note contained the provision, that if
the interest was not paid as stipulated in the note, "the whole
note may, at the option of the holder, without notice to the
makers thereof, be treated as due and collectable." It also
contained the following provision: "If this note is not paid at

maturity, it is hereby renewed from year to year, at the option of the holder, until paid; and during such year the maker shall not have the right to pay the same."

The mortgage was not recorded until August 30, 1897, and meantime, to wit, August 28, 1897, defendant Mamie L. Kleinsorge executed and caused to be recorded a homestead on the mortgaged premises.

Two questions are presented: 1. Should the mortgage prevail over the homestead claim? 2. Was the action prematurely brought?

1. The first question is answered in the affirmative by the decision in *Duncan* v. *Curry*, 124 Cal. 106; citing, to like effect, *Downing* v. *Le Du*, 82 Cal. 471.

Appellant concedes that *Duncan* v. *Curry*, 124 Cal. 106, is adverse to her contention, but she asks that the question be re-examined in the light of other cases, which she seems to think are out of harmony with *Duncan* v. *Curry*, and also because that case, in her opinion, was not rightly decided. Attention is drawn to *Campan* v. *Molle*, 124 Cal. 415. In that case plaintiff had loaned defendants the money with which to complete the purchase of certain land, taking their note for the amount, and it was alleged that defendants promised to secure plaintiff by a mortgage upon the land when they should obtain title thereto, and that after so obtaining the title they refused to execute the mortgage. Plaintiff then brought his action on the note and obtained judgment, prior to which, however, a homestead was filed on the premises. The action was to set aside the homestead and subject the land to the payment of the judgment. It was urged on the appeal that plaintiff was entitled to be subrogated to the rights of the vendor of the land. But the opinion shows that the plaintiff failed to state a case for a vendor's lien, and states that the transaction "was merely a loan of money upon their agreement to give him security." What was said as to subdivision 4 of section 1241 of the Civil Code had reference to its application on the assumption that the agreement constituted an equitable mortgage. The decision, however, turned on the fact that plaintiff had elected to look to the personal obligation of defendants, instead of to the security promised by them, and it was said that "if the plaintiff held an equitable mortgage upon the premises (which is not determined in the case that he had), his failure to enforce it in that action (the action on

the note) had the effect to deprive him of such security." Nothing in the case is inconsistent with what was held in *Duncan* v. *Curry*, 124 Cal. 106.

*Bank of Woodland* v. *Oberhaus*, 125 Cal. 320, was decided mainly on the sufficiency of the acknowledgments of the mortgages. These mortgages were acknowledged and recorded,— one in 1892 and the other in 1893,—and foreclosure was begun and *lis pendens* filed October 19, 1895. The mortgagors lived on the premises prior to the mortgages, but they filed no homestead declaration until November 4, 1895. Under this state of facts, subdivision 4 of section 1241 of the Civil Code was referred to. The question in *Duncan* v. *Curry*, 124 Cal. 106, was not involved. .

*Glas* v. *Glas*, 114 Cal. 566,[1] was the case of a homestead filed by one of the spouses after the recording of the mortgage, and comes clearly within subdivision 4 of section 1241 of the Civil Code.

*Security Loan etc. Co.* v. *Kauffman*, 108 Cal. 214, was the case of a homestead filed by the husband, whose wife was living, and comes within the category of cases cited in *Duncan* v. *Curry*, 124 Cal. 106. We have been unable to discover in any of the cases cited by appellant any intimation that the conclusion reached in *Duncan* v. *Curry* was ill-advised, or contrary to a fair construction of section 1241 of the Civil Code. With the grounds of abstract justice so strongly urged—i. e., with the wisdom of the law as construed by this court—we cannot concern ourselves. The only question is, Was the section rightly interpreted in *Duncan* v. *Curry?* We cannot now see any fault either in the reasoning or in the conclusion. Re-examination of the transcript in *Downing* v. *Le Du*, 82 Cal. 471, shows that the homestead was declared and filed before the mortgage was given, which, of course, destroys the force of the case as supporting *Duncan* v. *Curry*. The latter case, however, rests, not on *Downing* v. *Le Du*, but upon its own facts clearly presented and carefully considered.

2. Was the action prematurely brought? It is conceded by appellant that it was competent for the parties to provide for a renewal of the note by its own terms (citing *London etc. Bank* v. *Bandmann*, 120 Cal. 220[2]); but it is contended that if the makers of the note had not the right to pay it within any

---

[1] 55 Am. St. Rep. 90.        °     [2] 65 Am. St. Rep. 179.

year for which it was extended, reciprocally they had the right to demand that it be not enforced within that year, or in other words, that it could not be deemed payable during that year. The note was dated August 1, 1896, payable one year after date; it was by its terms renewed for 1897, 1898, and from August 1, 1899. Interest was payable monthly, and was paid to and including January 1, 1899, but no later, and the note provided that in default of payment of interest, "the whole note may, at the option of the holder, without notice to the makers thereof, be treated as due and collectable." A fair construction of the note is, that, if renewed, it shall, as to the makers, run for the full year,—i. e., that they shall not have the right to pay it sooner, unless consented to by the holder; but the renewal also renewed the promise to pay interest monthly, and also renewed the option to the holder to treat the whole note as due if interest was not so paid. But for this provision of the note the renewal for a year would support appellant's contention; with that provision the renewed note stood on the same footing as in the first or any subsequent year, and the option to treat it as due and payable on default in payment of interest was available to the holder.

The judgment and order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.

Hearing in Bank denied.