[L. A. No. 3198. Department Two.—March 14, 1914.]

FIRST NATIONAL BANK OF RIVERSIDE, Respondent, v. CHARLES H. MERRILL et al., Defendants; CHARLES H. MERRILL et al., Appellants.

Mortgage—Deed Absolute With Defeasance—Subsequent Declaration of Homestead.—Where a husband and wife execute a mortgage to a bank, in form a deed absolute with a contemporaneous collateral writing declaring the deed to be a mortgage to secure a present indebtedness and future advances, and subsequently the mortgagors declare a homestead upon the property, they cannot escape liability under the mortgage because the instrument constituting the defeasance was not signed by them or acknowledged by any of the parties, nor because the mortgage was not recorded until after the filing of the homestead.

Id.—Defeasance—Acknowledgment by Husband and Wife—Homestead.—The requirement that the defeasance be acknowledged by husband and wife, in the case of an encumbrance upon an existing homestead, has no application to a mortgage created under such circumstances before the existence of the homestead.

ID.—RECORDING OF MORTGAGE AFTER FILING OF HOMESTEAD.—The fact that the mortgage was not recorded until after the filing of the homestead does not make it unenforceable because of the homestead rights.

ID.—ACKNOWLEDGMENT—NOTARY WHO IS CASHIER OF MORTGAGEE BANK.—The acknowledgment of the deed to the bank is not invalid because taken before a notary public who is assistant cashier of the bank.

ID.—NOTARY WHO IS STOCKHOLDER IN MORTGAGEE BANK.—Neither is such an acknowledgment invalid because the notary is also a stockholder of the bank.

ID.—NOTARY—WHETHER FUNCTIONS ARE JUDICIAL OR MINISTERIAL.—A notary public does not exercise judicial functions, and his act in taking an acknowledgment to a conveyance is ministerial.

APPEAL from a judgment of the Superior Court of Riverside County.  F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Campbell & Moore, for Appellants.

McFarland & Irving, for Respondent.

HENSHAW, J.—This action was brought by plaintiff as mortgagee to have a deed absolute in form declared to be a mortgage, and to have the mortgage foreclosed against the land of Charles H. Merrill and Mary B. Merrill, defendants and appellants.  The facts, over which there is no controversy, are in their chronological order the following: In March, 1909, Charles H. Merrill borrowed five thousand dollars from plaintiff bank to pay for the real estate here the subject of foreclosure.  In April of the same year Merrill and his wife executed their deed of grant of this land to the bank.  It was, however, thoroughly understood and agreed that the deed was but a mortgage given as security for the five thousand dollars already advanced and for such future advances as the bank might make.  Contemporaneously a letter, in effect a defeasance, was given by the bank to the Merrills declaring the deed to be a mortgage upon the conditions above noted.  This letter was signed by the bank, through Moulton, its president, but was not signed by either Merrill or his wife, nor was it acknowledged by any of the parties named.  The acknowledgment to the deed executed by Merrill and wife to the bank

was taken before a notary public, who, at the time, was the assistant cashier of plaintiff bank and a stockholder of the corporation. The bank loaned the Merrills the additional sum of two thousand dollars, so that secured by this mortgage there was due the bank the sum of seven thousand dollars. Admittedly no part of this sum has been paid. The mortgage deed to the bank remained in its possession unrecorded. On the twenty-third day of February, 1911, the Merrills filed a claim of homestead covering the property. Two days afterward Charles H. Merrill was adjudicated a bankrupt, and two days after that, on February 27, the bank recorded its mortgage deed.

The Merrills are here engaged in an effort to defeat the payment of this admittedly just debt by virtue of the provisions of the homestead and recordation acts. In this effort they place great reliance upon the case of the *Merced Bank* v. *Rosenthal*, 99 Cal. 39, [31 Pac. 849, 33 Pac. 732], declaring it to be "absolutely on all fours" with the case at bar, and insisting that its declarations of the law compel a reversal of the judgment given by the trial court in favor of plaintiff. In fact, however, from a legal standpoint, there is not only no identity, but no similarity between the Merced Bank case and the one before us. In the Merced case Rosenthal and wife had executed a mortgage in the form of a deed of grant, which mortgage was upon their *existing* homestead. The defeasance rested in a contemporaneous parol agreement. This court held that where it was sought to encumber a homestead, the mandatory provisions of sections 1241 and 1242 of the Civil Code required that the instrument of encumbrance be executed and acknowledged by both husband and wife; that a defeasance in the case of a deed absolute upon its face is a necessary part of a mortgage contract, and that as the mortgage contract is not complete without the defeasance, that defeasance in the case of an *existing* homestead must conform to the provisions of sections 1241 and 1242 of the Civil Code— namely, it must be a written instrument, acknowledged by husband and wife. It certainly can require no discussion to show that the very rigid rules governing homesteads and protecting them from encumbrances have no application whatsoever to real property not impressed with a homestead. The latter is the case here presented. The mortgage was executed

and all of the money advanced long before the declaration of homestead, and whatever may be the rights of plaintiff and respondent, they are in no wise affected by the decisions of this court touching encumbrances placed upon. an existing homestead.   The rights and liabilities of the parties in this case are controlled by the provisions of the law touching the liability of homesteads to execution and sale for debts existing previous to the declaration of homestead.   It is the case contemplated by section 1241, subdivision 3 of the Civil Code, which declares that the homestead is subject to execution and forced sale in satisfaction of judgments: ''3. On debts secured by mortgages on the premises, executed and acknowledged by the husband and wife.''   Having then before us the case of an encumbrance upon the homestead made previous to the declaration of homestead, is that encumbrance of such character as to subject the homestead to the foreclosure of the lien created by it?   It consists, as has been said, of a mortgage deed executed by husband and wife with the contemporaneous defeasance in writing.   It is a well recognized form of mortgage in this state.   (Civ. Code, secs. 2924, 2925.) That the defeasance which changes the character of a deed absolute to a mortgage deed may be shown by parol is overwhelmingly settled.   Here the evidence is a writing.   (*Lodge* v. *Turman,* 24 Cal. 385; *Husheon* v. *Husheon,* 71 Cal. 407, [12 Pac. 410] ; *Locke* v. *Moulton,* 96 Cal. 21, [30 Pac. 957] ; *Holmes* v. *Warren,* 145 Cal. 457, [78 Pac. 954] ; *Wadleigh* v. *Phelps,* 149 Cal. 627, [87 Pac. 93].)

The requirement that the defeasance be acknowledged by husband and wife in the case of an encumbrance upon an existing homestead has no application to a mortgage created under the present circumstances before the existence of the homestead, and it would be but to foster fraud to hold that it did.   Nor does the fact that the mortgage was not recorded until after the filing of the homestead make it unenforceable because of the homestead rights.   (*Duncan* v. *Curry,* 124 Cal. 106, [56 Pac. 898] ; *Kleinsorge* v. *Kleinsorge,* 133 Cal. 412, [65 Pac. 876].)

The second proposition advanced upon the appeal is that because the notary who took the acknowledgment of the Merrills to the mortgage which they executed to the bank was himself assistant cashier of the bank and a stockholder, there-

fore the acknowledgment is void and the instrument must be considered as unacknowledged and consequently not within the provisions of subdivision 3 of section 1241 of the Civil Code. But to this there are at least two answers. First, that the pleading of defendants does not raise any issue as to the due execution or acknowledgment of the instrument. The appellants admit its due execution, and without proper averments and issues joined upon the question in the court below they cannot be permitted here to raise the point. The second answer is that the acknowledgment was not void in law. That the mere fact that the notary who took the acknowledgment was assistant cashier of the bank did not constitute a disqualification sufficient to avoid the acknowledgment is decided in the case of *Bank of Woodland* v. *Oberhaus,* 125 Cal. 320, [57 Pac. 1070]. The additional circumstance here existing is that the assistant cashier was also a stockholder of the banking corporation. That an acknowledgment taken before a grantee is invalid, as in *Lee* v. *Murphy,* 119 Cal. 364, [51 Pac. 549], and *Murray* v. *Tulare Irrigation Co.,* 120 Cal. 311, [49 Pac. 563, 52 Pac. 586], there is no question. Whether a stockholder of a corporation which is a party to an instrument has such an interest as to avoid his acknowledgment has given rise to a division of opinion in the courts. 1 Cook on Stock and Stockholders, 4th ed., sec. 11, inclines strongly to the view that such a relationship is not a disqualification. The division of authority arises according to the powers vested in the notaries themselves. Where the notary in taking the acknowledgment exercises judicial or *quasi* judicial powers, the cases generally hold that his position as a stockholder is disqualifying. Where, however, he exercises merely ministerial powers such disqualification is held not to exist. (*Read* v. *Toledo Loan Co.,* 68 Ohio St. 280, [96 Am. St. Rep. 663, 62 L. R. A. 790, 67 N. E. 729]; *Kennedy* v. *Security Building & Loan Association,* (Tenn. Ch.), 57 S. W. 388; *Keene Guaranty Savings Bank* v. *Lawrence,* 32 Wash. 572, [73 Pac. 680]; *Morrow* v. *Cole,* 58 N. J. Eq. 203, [42 Atl. 673]; *Ardmore National Bank* v. *Briggs etc. Co.,* 20 Okl. 427, [129 Am. St. Rep. 747, 16 Ann. Cas. 133, 23 L. R. A. (N. S.) 1074, 94 Pac. 533]; *National Bank* v. *Conway,* 1 Hughes, 37, [17 Fed. Cas. No. 10,037].) An instance of the exercise of *quasi* judicial functions upon the part of a notary is where the law

requires a privy examination of a married woman apart from her husband. Such a law existed in this state until the repeal of section 1186 of the Civil Code by the statute of 1891. (Stats. 1891, p. 137.) But now in this state notaries public do not exercise such judicial functions. In *Bank of Woodland* v. *Oberhaus,* 125 Cal. 320, [57 Pac. 1070], it is declared that upon principle it would seem that the act of a notary in taking the acknowledgment of a conveyance is not judicial, and that a notary public does not exercise judicial functions.

For this additional reason, therefore, it is held that the acknowledgment is sufficient.

The judgment appealed from is affirmed.

Melvin, J., and Lorigan, J., concurred.