[Civ. No. 2338. Second Appellate District, Division One.—December 20, 1919.]

## J. F. AVERY, Respondent, v. BERTHA HAGENIOS, Appellant.

[1] PROMISSORY NOTES—CONSTRUCTION OF INTEREST PROVISION—PRE-MATURE ACTION TO RECOVER.—Where a promissory note payable on or before four years after its date provides that the interest is payable quarterly, "and if not paid, then in that event to be compounded quarterly and added to the principal," it is optional with the maker whether she should pay the interest at the quarterly dates or submit to the amounts being added to the principal to be collected upon maturity of the whole; and an action to recover the interest thereon will not lie prior to the maturity of the note.

[2] ID.—PLEADING—FORECLOSURE OF SECURITY—PERSONAL JUDGMENT. Where a note is secured by a mortgage upon real property, the holder of the note must proceed by foreclosure of such security before obtaining personal judgment upon the note against the maker thereof.

[3] FINDINGS—STATUTE OF LIMITATIONS—ISSUE—PLEADING.—Where the answer sets up the plea of the statute of limitations as a defense to an alleged cause of action, the defendant is entitled to have a finding upon that issue.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Wellborn, Judge. Appeal from order denying new trial dismissed; judgment reversed.

The facts are stated in the opinion of the court.

N. C. Folsom for Appellant.

Geo. M. Harker for Respondent.

JAMES, J.—Defendant herein appealed from a judgment entered against her, also from an order denying a motion made requesting that a new trial be had, and also from an order refusing to vacate the conclusions of law and enter a different judgment. The order denying the motion for a new trial, at the time it was made, was not an appealable order under the code section as amended. That appeal should be, therefore, dismissed. All questions sought to be presented, however, are reviewable under the appeal from the judgment.

The appeal being taken under the alternative method, appellant's opening brief did not meet the requirement of section 953c of the Code of Civil Procedure, which in express terms directs that the parties shall print in their briefs such portions of the record as they desire to call to the attention of the court. The meaning of this provision is most plain, and a reading of it could admit of no misunderstanding as to what the requirement is. By numerous decisions made prior to the present year it was held that the failure of an appellant to comply with this direction imposed no duty upon the appellate court to examine the typewritten record in order to ascertain the validity of any contentions made upon appeal. However, the legislature of 1919 (apparently at the instance of some counsel who, through the negligent failure to meet the requirement of the section, had not secured consideration for contentions made), adopted an amendment to the section, which provides that an appeal shall not be de-

cided adversely to a party by reason of the failure to print portions of the record relied upon, but that in such case the court shall make an order directing the party to file such supplement containing printed portions of the record relied upon and fixing the time within which such may be done. Paraphrasing the amendment a little, it requires the court to say to a party: "You have failed to read or observe an unmistakably plain provision of the statute; therefore we will allow you time within which to do this." To that extent the appellate court becomes an adjunct of the law school. After respondent in this case had filed his brief, the appellant did offer a printed supplement in which certain exhibits and the findings of the court were printed, but she failed to incorporate the second amended complaint or the answer, a consideration of which is necessary in order to determine the issues tried. However, as the typewritten record is not particularly voluminous, we have, without assuming to establish any precedent thereby, examined the pleadings found in the clerk's transcript and much of the evidence set out in the reporter's record. With the information thus obtained, we may fairly consider the contentions of appellant.

As illustrated by the record, certain of the contentions of appellant seem clearly to possess merit. The action as it was finally formulated in the second amended complaint was divided into two counts; the first alleged cause being for interest due upon a promissory note, which note is in the following terms:

"$4858.18.          Los Angeles, Calif., Aug. 23, 1913.

"On or before four (4) years after date, for value received, I promise to pay to J. F. Avery or order, the sum of Forty-eight Hundred Fifty-eight Dollars and eighteen cents, with interest from date at rate of five (5%) per cent per annum, interest payable quarterly from date, and if not paid, then in that event to be compounded quarterly and added to the principal and, in event of a failure to pay this note according to its terms, I further agree to pay a reasonable sum for attorney's fees in case suit is instituted for the collection of this note.

"(Signed) BARTHA HAGENIOS."

The second alleged cause of action was to recover the sum of $417.30, alleged by the plaintiff to have been ad-

vanced on behalf of defendant, this sum being made up of five items which it was alleged were advanced "after August 23, 1913." There is an additional allegation that the defendant had promised to pay these items "within two years last past." The answer of the defendant denied that any money was due upon either cause of action, and particularly pleaded as to the second that recovery was barred by the provisions of section 339 of the Code of Civil Procedure. A separate written contract entered into contemporaneously with the execution of the promissory note was set out *in haec verba* in the answer and was admitted by the plaintiff to have been made, to which contract reference will hereinafter be made.

[1] The first objection urged by appellant is that the promissory note was not due at the time the action was brought. This suit was commenced by the filing of the original complaint on September 10, 1915. The note, as will be observed, was payable "on or before four years after date." The maturity date for the principal of the note, therefore, had not arrived at the time the action was brought. Nor could it be claimed that under the terms of the note a right of action existed, assuming that there had been default in the payment of interest, for the note provides that if the interest be not paid, it shall be compounded and added to the principal. Counsel for appellant cites pertinent authority to the effect that under such a reading of the note it was optional with the maker whether she should pay the interest at the quarterly due dates or submit to the amounts being added to the principal to be collected upon maturity of the whole. (*Wood* v. *Whisler*, 67 Iowa, 676, [25 N. W. 847].) It is very clear, then, that plaintiff's suit was premature as to any recovery for interest on the note, and the court should have disallowed that claim. [2] It, moreover, appears that by the contract which was made contemporaneously with the note, defendant had given a deed to certain real property and a bill of sale of certain fixtures, furniture, *et cetera,* of an apartment house, all of which instruments were so made as security for the payment of the note. The note then became one which was secured in part by a mortgage upon real property, which would require that the plaintiff proceed by foreclosure before obtaining personal judgment upon the

note against the maker thereof. (*Lodge* v. *Turman,* 24 Cal. 385.)

[3] As to the second alleged cause of action, the court failed to make a finding upon the plea of the statute of limitations, or to find (assuming that such latter finding would be sufficient) facts showing that the items sued for in the second alleged cause of action did not accrue more than two years prior to the commencement of the suit. There was no finding, either, that said items constituted an open-book account which would be subject to the four-year limitation under the provisions of section 337 of the Code of Civil Procedure. Appellant was entitled to have a finding upon the issue. See *Duff* v. *Duff,* 71 Cal. 513, [12 Pac. 570], in which it is said: "If the court finds that a cause of action is not barred by the statute of limitations, it should so find, and not merely facts from which it may be inferred. This court is not authorized to infer facts from facts found; that is the province of the trial court." (See, also, *Luco* v. *De Toro,* 91 Cal. 405, [18 Pac. 866, 27 Pac. 1082].) It may be conceded that the position of respondent with regard to the second alleged cause of action is correct, and that the evidence in the case showed that the charges became an open-book account and that the four-year statute of limitation applied. As we have shown, however, the finding, in order to support the judgment, should have determined the issue presented in that regard.

The appeal from the order denying the motion for a new trial, for the reasons stated, is dismissed. The judgment appealed from is reversed.

Conrey, P. J., and Shaw, J., concurred.