[No. 15912.    Department Two.—December 20, 1895.]

CALIFORNIA    STATE    BANK,    RESPONDENT,    v.
CHARLES F. WEBBER, APPELLANT.

FORECLOSURE OF MORTGAGE — OPTION TO RENEW NOTE—PRESUMPTION —
BURDEN OF PROOF.—In an action to foreclose a mortgage given to se-
cure the payment of a note, where it appears that the original period
for the maturity of the note was past at the time of the commencement
of the action, the fact that the note provides that, if it is not paid at
maturity, it is renewed from year to year, at the option of the holder,
until paid, and that, during such year, the maker shall not have the
right to pay the same, does not create a presumption that the note
was renewed, in the exercise of the option, in the absence of evidence
tending to prove it; and the burden is upon the maker to show
affirmatively that the holder, in the exercise of the option given him,
renewed the note, and thereby extended the time of payment to a day
later than that on which the action was commenced.

ID.—RENEWAL OF NOTE—EXTENSION OF TIME—PLEADING—AFFIRMATIVE
DEFENSE.—If there had been a renewal of the note, in the exercise
of the option, whereby the time of payment was extended to a later
day than that on which the action was commenced, such renewal would
have been matter of affirmative defense, which must have been pleaded
and proved by the defendant.

ID.—CONSTITUTIONAL LAW—AGREEMENT AS TO PAYMENT OF TAXES—OP-
TION OF MORTGAGEE—CREDIT UPON INTEREST.—Where a conventional
rate of interest is agreed upon, a verbal agreement that if the mort-
gagor should pay the taxes and assessments on the mortgage a reduc-
tion should be allowed upon the agreed interest, is not in violation of
the constitution of the state, and does not release defendant from his
contract to pay the conventional interest specified in the note.

ID.—VERBAL AGREEMENT AS TO TAXES — DEFENSE AS TO INTEREST. — A
verbal agreement that the mortgagor shall pay the taxes upon the
mortgage is no defense to the demand for interest.

APPEAL from a judgment of the Superior Court of
Santa Clara County.    JOHN REYNOLDS, Judge.

The facts are stated in the opinion.

*A. B. Hotchkiss,* for Appellant.

*Johnson & Johnson,* for Respondent.

The action was not prematurely brought, as the note
was due, and the mortgage itself provided for foreclo-
sure for nonpayment of principal or interest.    (*Yoa-
kam* v. *White,* 97 Cal. 286; *Hewitt* v. *Dean,* 91 Cal. 5;

*Maddox* v. *Wyman*, 92 Cal. 674; *Sichler* v. *Look*, 93 Cal. 600.)   The verbal agreement for the mortgagor to pay the taxes on the mortgage did not invalidate the note as to the interest.   (*Hewitt* v. *Dean, supra; Harralson* v. *Barrett*, 99 Cal. 607.)

VANCLIEF, C.—Action to foreclose a mortgage to secure payment of a promissory note, of which the following is a copy:

"$2,500.00.          SACRAMENTO, CAL., May 27, 1889.

"Two years after date, for value received, I promise to pay to the California State Bank, a corporation, or order, the sum of twenty-five hundred dollars, in gold coin of the present standard of value, with interest thereon from date until paid, at the rate of eight and one-half per cent per annum, in like coin, payable annually, and, if not so paid, the interest may be added to the principal, and bear like interest, or the whole note may, at the option of the holder, without notice to the maker thereof, be treated as due and collectible.   If this note is not paid at maturity, it is hereby renewed from year to year, at the option of the holder, until paid, and during such year the maker shall not have the right to pay the same.   Both principal and interest to be paid at the California State Bank in Sacramento, California.                    CHAS. F. WEBBER."

The mortgage, bearing the same date as the note, contained the following provision: "And in case default be made in the payment of said note, or any installment thereof, or of any interest thereon, then the mortgagee may, at their option, and without notice to the mortgagor, at once proceed to foreclose this mortgage."

This action was commenced August 26, 1893, without previous notice to defendant of any exercise of plaintiff's option mentioned in the note or in the mortgage.

It was alleged in the complaint, among other things, that no part of said note has been paid, either principal or interest, and the whole thereof, amounting to

three thousand five hundred and eighteen dollars and forty-four cents, is due, owing, and unpaid.

The defendant's demurrer to the complaint, on the ground that it does not state a cause of action, was overruled.

Thereupon, the defendant answered, denying that the debt evidenced by the note was due at the time of the commencement of the action, and denying that no part thereof had been paid, and alleging certain payments of interest and taxes on the mortgage; and, as a separate defense to the demand for any interest whatever, alleged as follows:

" That at the time and place the said note and mortgage were made, executed, and delivered, as alleged in the complaint, it was then and there agreed by and between plaintiff and defendant, C. F. Webber, and as a part of the same contract, and of the same transaction with the making of the said note and mortgage, that the said Webber, defendant herein, should and would pay and discharge all taxes and assessments which might be assessed or levied upon said money so loaned by plaintiff to said defendant, and on the said mortgage, or on either the said money or mortgage, anything in the said promissory note or mortgage, or either, to the contrary notwithstanding; it was also agreed that the real rate of interest to be paid by defendant for the use of said money was to be seven per cent per annum; but, for the purpose of covering said taxes and assessments on said money and mortgage, the rate of interest was inserted in said note as eight and one-half per cent, and it was agreed between the said parties that, if this defendant should pay said taxes and assessments on said money or mortgage and the interest on said note annually at seven per cent per year, together with the principal sum, the same should be in full payment of said note and interest, notwithstanding the rate in said note was nominally eight and one-half per cent.

"That said agreement and arrangement was knowingly made and omitted from the terms of said note and

mortgage, with the intent to evade the provisions of section 5 of article XIII of the constitution of this state; and, on that ground, defendant denies that any interest is due or owing or unpaid from defendant to plaintiff."

The court found that the defendant had paid the interest according to the terms of the note for the first three years, that is, until May 27, 1892, and had also paid the taxes on the mortgage for the same period amounting to thirty-nine dollars and eleven cents, but had failed to pay the interest for the fourth year ending May 27, 1893, or any part of the principal; and further found that the principal and interest, minus said payments, was overdue at the time the action was commenced. As to the alleged agreement, that the mortgagor should pay the taxes on the mortgage, the court found as follows:

"That prior to the execution of the said note and mortgage it was verbally agreed between the defendant Webber and A. Abbott, who then was the cashier of the plaintiff, that if the defendant Webber should pay the state and county taxes each year assessed against the mortgage of the plaintiff, then said defendant would be credited upon the interest due upon said promissory note with one and a half per cent thereof, and the amount of interest that said defendant should pay to plaintiff, in case he paid such taxes, should be seven per cent per annum; that said defendant did pay said taxes for the year 1890, 1891, and 1892, and paid interest on said note as aforesaid found at the rate of one hundred and seventy-five dollars per year, being seven per cent per annum, up to May 27, 1892, and such payments of interest were accepted by plaintiff in full payment of the interest due for said period; that since May 27, 1892, the defendant has paid no interest whatsoever and has paid no taxes assessed upon said mortgage for any other year than said 1890, 1891, and 1892."

As matter of law the court found that plaintiff was entitled to a decree of foreclosure for the full amount of principal and interest, according to the terms of the

note, less the amount of said payments of interest and taxes, and so decreed.

1. It is contended by appellant that, according to the terms of the note and mortgage, the defendant was not in default, nor the note due, at the time the action was commenced; but to maintain this point it devolved upon the defendant to show affirmatively that the plaintiff, in the exercise of the option given him, renewed the note and thereby extended the time of payment to a day later than that on which the action was commenced; yet he neither alleged nor attempted to prove such renewal of the note. In the absence of evidence tending to prove it, such renewal of the note cannot be presumed. If there was no renewal of the note, nor extension of the time of payment, both principal and interest became due on May 27, 1891. If there had been a renewal of the note, whereby the time of payment was extended to a later day than that on which the action was commenced, such renewal would have been relevant only as an affirmative defense, which must have been pleaded and proved by the defendant.

2. The alleged agreement that the mortgagor should pay the taxes on the mortgage, *as found by the court,* is not a violation of the constitution of the state, and does not release defendant from his contract to pay the conventional interest specified in the note, even though that agreement had been found to be in writing (*Hewitt* v. *Dean,* 91 Cal. 10); and the only exception to that finding is that the agreement was found to have been merely verbal, whereas the court should have found that it was in writing.

Neither is the agreement as pleaded by defendant any defense to the demand for interest, unless it was in writing. (*Daw* v. *Niles,* 104 Cal. 106; *Harrelson* v. *Tomich,* 107 Cal. 627.) The only evidence that the agreement was in writing was the testimony of defendant that plaintiff wrote with a lead pencil on the margin of the note "seven per cent," which, it is claimed, had been erased. But he further testified that the agreement that

he should pay the taxes on the mortgage was not written, for the reason that the officer of the bank with whom he made the agreement said such an agreement would not be lawful; and this corresponds with the averment in his answer, that the agreement "was omitted from the terms of said note and mortgage." It is, therefore, clearly apparent that the finding that the agreement was verbal was justified by the evidence.

I think the judgment and order should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.