### W. B. HONAKER ET AL. V. J. E. JONES.

No. 1990.   Decided March 16, 1910.

**Jurisdiction of Supreme Court—Question of Fact.**

Where there is evidence in support of the verdict rendered, it is conclusive upon the Supreme Court.

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Collin County.

*Garnett & Hughston, Smith & Wilcox* and *D. P. Johnson,* for plaintiffs in error.

*Wm. M. Jones,* for defendant in error.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by defendant in error, J. E. Jones, against plaintiffs in error, J. N. Shelton, W. B. Honaker and W. P. Herron, to recover of Shelton on three promissory notes and to enforce a lien for their payment. The first and second of the notes are each for $1,000 and are payable on the 14th day of December, 1895, and the 14th day of December, 1896, respectively, and each of which expresses that it is given for a part of the purchase money "for a livery stable and outfit with two lots of land situated in Farmersville, Collin County, . . . upon which a vendor's lien is expressly retained to secure the payment hereof." The third of the notes is dated 10th of June, 1903, and is for $260.75, due July 1, 1903, but contains no expression as to any lien. All the notes provide that in case they are put in the hands of an attorney for collection ten percent attorney's fees shall be due.

We have examined the opinion of the Court of Civil Appeals in connection with the application for the writ of error and are satisfied that no error is pointed out save in one particular, which we shall now proceed to discuss.

The trial court decreed that a lien existed upon the lots of land which were originally sold by Jones to Shelton and Hill to secure the payment of the note for $260.75, for which judgment was given. The note as we have seen expresses no lien. To make it a lien it must have been given for a part of the purchase money for which the property was originally sold. Is such the fact? We think not. Shelton himself testified that a part of the note was for rent of the shed to the barn at $40 per annum; but for how many years he does not say. Jones in his testimony is just as indefinite. There were many

transactions between Shelton and Jones and it is hardly probable that after this long lapse of time any one could tell how this $260.75 was involved and how much, if any, was a part of the original purchase money for the livery stable outfit.

Accordingly the judgment upon the two promissory notes for $1,000 each and with a decree enforcing a lien for their payment upon the property mentioned in the judgment will be permitted to stand and a personal judgment on the $260.75 note will be rendered but without any lien for its payment.

The judgment will be accordingly reformed and affirmed. The plaintiffs in error will recover the costs of the Court of Civil Appeals and of the Supreme Court.

### ON MOTION FOR REHEARING.

In deciding this case we concluded that the judgment should be reformed and affirmed, the reform consisting in holding that the note for $260.75 was not a lien upon "the livery stable and outfit" for which the two larger notes were given; but we are now of the opinion that we erred in that ruling. In so ruling our attention was called alone to the testimony of defendant Shelton in which he said, that the note was made up partly by interest on the larger note and partly by the $40 per year which was charged for the rent of shed to the stable. We overlooked the fact that Jones testified that the note was given wholly for the interest on the larger notes. It was a question for the jury who was right and who was wrong in their testimony, and they having found that the vendor's lien existed for the payment of all three of the notes, settles the question in favor of Jones. There being some evidence in support of the verdict, it is conclusive upon us. We are therefore of the opinion that the judgment of the Court of Civil Appeals should be in all things affirmed, and it is accordingly so ordered. And it is further ordered that the defendant in error recover of plaintiffs in error all costs expended in the writ of error to this court.

It is also ordered that plaintiffs in error's motion for a rehearing be overruled.

*Affirmed.*