EARHART v. ROBINSON et al. (No. 1550.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 15, 1919. Rehearing Denied Nov. 19, 1919.)

1. APPEAL AND ERROR ⬅➡742(5)—ASSIGNMENT OF ERROR WITH NONGERMANE PROPOSITIONS; FUNDAMENTAL ERROR.

An assignment of error based on an act of the trial judge in peremptorily instructing the jury for either party presents fundamental error, so that it will be reviewed, though propositions under assignment are not germane.

2. BILLS AND NOTES ⬅➡137(1)—AGREEMENT EXTENDING TIME CONSTRUED.

Agreement extending time for payment of notes, providing in part that maker shall "pay off and discharge said indebtedness as evidenced by said notes * * * according to their face, tenor, and effect" on a date mentioned, held not to affect acceleration of maturity clause in notes.

3. CONTRACTS ⬅➡170(1) — PRACTICAL CONSTRUCTION BY PARTIES.

Where the contract is ambiguous, the practical construction of its terms by the parties themselves becomes material.

4. PUBLIC LANDS ⬅➡178(1)—SALE OF RIGHTS FROM STATE; AGREEMENT TO PAY INTEREST TO STATE.

Where, while the law required interest payments by purchasers of public lands to be made by November 1st each year, a purchaser of such land, from one who had contracted for it from the state, agreed with the seller by notes and by an agreement extending the notes, to pay such interest October 1st of each year, the effect of subsequent legislative extension of time within which public land purchasers might pay interest to August, 1919, was to make the subpurchaser's payment of such interest within a reasonable time before August, 1919, a compliance with such term of the contract, for, the purpose of the provision being to prevent a forfeiture to the state for nonpayment of interest, the provision must be construed in connection with the law as amended.

Appeal from District Court, Lynn County; W. R. Spencer, Judge.

Suit by Joe B. Earhart against B. H. Robinson and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

R. A. Sowder, of Lubbock, for appellant. Percy Spencer, of Lubbock, G. E. Lockhart, of Tahoka, and H. C. Randolph, of Plainview, for appellees.

HALL, J. On August 22, 1916, Cora Curry conveyed certain lands to B. H. Robinson, and in part payment therefor Robinson executed to her six notes; the last five being for $510 each. The notes are in the usual form of notes retaining the vendor's lien, providing for interest from date at 8 per cent. until maturity, interest payable annually as it accrues. They contain the usual stipulation for acceleration of maturity in the event of a failure to pay the principal or interest when due, and provide for 10 per cent. attorney's fees in case of default. The first note was paid off, and this suit was instituted to recover upon the five notes last due. Note No. 2 was payable on or before January 1, 1918; the remaining notes maturing one on the 1st day of January of each year thereafter to January 1, 1922. On January 5, 1917, the parties entered into an agreement extending the last five notes, containing this recital:

"Whereas, the above-mentioned indebtedness, as evidenced by said notes, will become due as provided in said notes and in said deed, and may become due at any time the debtor may desire to pay said notes, and said parties above mentioned are desirous of changing the dates of maturity in said notes, and are also desirous of eliminating the 'on or before' clause in said notes, and are desirous of making other and further agreements and stipulations as to the payment of said notes: Therefore, in consideration of the premises, we, the undersigned, Cora Curry, the present legal holder and owner of said above-described vendor's lien notes, and B. H. Robinson, the maker of said notes, hereby covenant and agree that the said notes, Nos. 2, 3, 4, 5, and 6, shall become due and payable on the 1st day of January, A. D. 1922, and that none of said notes shall become due or payable before the first day of January, A. D., 1922, unless agreeable with the owner and holder of said notes. And the said B. H. Robinson hereby agrees that he will promptly pay off and discharge said indebtedness as evidenced by said notes and satisfy said vendor's lien on the 1st day of January, A. D. 1922, according to their face, tenor, and effect."

Appellant, Earhart, the transferee of the five notes above mentioned, filed this suit February 2, 1919, to recover the principal, $204 interest, and attorney's fees alleged to be due thereon, together with $46.80, with interest on said sum at 10 per cent. from November 13, 1918. The sum of $46.80, with interest, is alleged to be the amount due un-

der the extension agreement for interest paid the state of Texas for the land. The court directed a verdict for the defendant, holding in effect that the suit was prematurely filed, and judgment was entered accordingly. Appellant sues as transferee of the notes.

[1] Appellee insists that the propositions urged under the first assignment presented in appellant's brief are not germane. This court has heretofore held that an assignment of error based upon the act of the trial judge, in peremptorily instructing the jury for either party presents fundamental error, in which holding we seem to be sustained by the Supreme Court in the case of Walker v. Haley, 214 S. W. 295. We will therefore consider such propositions urged in the brief under the several assignments as present fundamental error. It appears from the statement of facts that interest was paid on the five notes to January 1, 1917, and to January 1, 1918; such payment being indorsed on the notes. The first question raised and to be considered is: What is the effect of the extension agreement upon appellant's right to file suit before the 1st day of January, 1922?

[2] There is no extraneous evidence in the record to aid us in answering this question, unless it be found in the practical construction of the contract by the parties, evidenced by the payment and acceptance of one annual installment of interest between the date of the execution of extension contract and January 1, 1922. The intent and purpose of the parties to abrogate the stipulation accelerating the maturity of the entire debt upon default in the annual payment of interest is certainly not clearly expressed in the instrument. It is clear that they intended by it to eliminate the "on or before" provision, and to give the holder of the notes the additional right to declare the debt due, in the event of Robinson's failure to pay taxes and interest due the state. It is true that the term "indebtedness as evidenced by said notes" may be taken to include both the principal and interest, and in case of default the attorney's fees as well. But when considered in its entirety we think the language of the contract tends to show that only the principal of the notes should be included. Before the execution of the extension agreement the notes were due in January, 1918, 1920, 1921, and 1922, respectively and it is declared in the agreement that they "shall become due and payable on the 1st day of January, A. D. 1922, and that none of said notes shall become due or payable before the 1st day of January, A. D. 1922, unless agreeable with the owner and holder of said notes." If the contract ended here, there might be some ground upon which to base appellee's contention that the maturity of all "indebtedness as evidenced by said notes" was thereby posponed to January 1, 1922;

but the contract binds Robinson to discharge the indebtedness evidenced by said notes on the 1st day of January, 1922, "according to their face, tenor, and effect."

In the absence of the extension agreement it was the duty of appellee to pay the interest annually, in default of which the holder of the notes had the right to exercise the option expressed in them and declare the whole debt due, and in default of payment the exercise of the option would have been according to the face, tenor, and effect of the notes. The only changes in the face, tenor, and effect of the notes made by the extension agreement are, as stated, the elimination of the "on or before" clause, and postponing the date of the maturity of the first four notes to January 1, 1922. And we think the contract is susceptible of the construction that in every other particular notes are to be paid according to their face, tenor, and effect. It is not necessary for us to decide whether, under the interest clause of the notes, the annual payments of interest were due January 1st, or August 22d, of each year. The suit was not filed until February 1919, and in either event appellee had defaulted in his interest payment. Between January 5, 1917, and January 1, 1918, appellee paid all interest due on the last-named date.

[3] Since the contract in the particular under consideration is somewhat ambiguous, it becomes our duty to take into consideration the practical construction of its terms by the parties themselves to aid us in interpreting it. If we take Robinson's payment of the annual interest due after the execution of the extension agreement as our guide, the conclusion is inevitable that it was not intended that the extension contract should in any way affect the clause in the notes accelerating their maturity, at the option of the holder, in the event of default in the payment of such interest. We are sustained in our holding by the following cases: Honaker v. Jones, 115 S. W. 649, affirmed in 103 Tex. 239, 122 S. W. 529, 126 S. W. 4; Washburn v. Williams, 10 Colo. App. 153, 50 Pac. 223; Brown v. McKay, 151 Ill. 315, 37 N. E. 1037; Hewitt v. Dean, 91 Cal. 5, 27 Pac. 423.

[4] The Legislature had extended the time in which purchasers of public lands from the state might pay the interest due on the purchase money to August, 1919. Under this act the sale could not be forfeited and the land revert to the state for failure to pay the interest until after that date. The payment of the interest long prior to that time by appellant did not entitle him to declare the notes due. Although the contract required Robinson to pay this interest on October 1st of each year, it was made when, under the law, interest payments must be made by November 1st. The purpose of the provision

being to prevent a forfeiture for nonpayment of interest the stipulation must be construed in connection with the law as amended, thus giving it a reasonable construction. We think under this view the payment of interest within a reasonable time before August, 1919, was a sufficient compliance with that term of the contract.

It follows, from what has been said, that the court erred in holding that the suit had be prematurely filed and in directing a verdict for the defendant. The judgment is therefore reversed, and here rendered in favor of appellant for the full amount of the notes, principal, interest, and attorney's fees, and a foreclosure of the vendor's lien upon the land, and that such lien be declared to be superior to the lien of W. M. Yates.

Reversed and rendered.