[Civ. No. 4962.   First Appellate District, Division Two.—December 31, 1924.]

## LOUIS CAFFARO et al., Respondents, v. ALBERT ROMANI, Appellant.

[1] STATUTE OF LIMITATIONS—PROMISSORY NOTES—PROVISION FOR RENEWAL.—A promissory note payable two years after date and providing that if not paid at maturity "it is hereby renewed from year to year at the option of the holders until paid, and during such year the maker shall not have the right to pay the same," may be sued on by the holder within four years from the expiration of the last yearly renewal.

[2] MORTGAGES—PROPERTY SITUATED IN TWO COUNTIES—RECORDATION IN BOTH COUNTIES—MARGINAL RELEASE IN ONE COUNTY—EFFECT UPON MORTGAGE IN OTHER COUNTY.—Where a mortgage upon real property situated in two different counties was recorded in both counties, a release of the mortgage by a marginal entry in the records of one of the counties, in view of section 2938 of the Civil Code, which provides that "A recorded mortgage may be dis-

charged by an entry in the margin of the record thereof, signed by the mortgagee, or his personal representative or assignee," did not have the effect of releasing the mortgage recorded in the other county.

(1) 37 **C. J.**, p. 844, n. 76.   (2) 27 **Cyc.**, p. 1429, n. 55 New.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. W. Zagoren for Appellant.

M. Martino and John L. McVey for Respondents.

LANGDON, P. J.—This is an appeal by the defendant Albert Romani from a deficiency judgment against him in a suit to foreclose a mortgage upon certain real property in Alameda County. Romani borrowed money from the plaintiffs and as security executed his promissory note, dated April 16, 1913, and due in two years from date for $1,650, payable to plaintiffs. This note contained the following clause: "If this note is not paid at maturity it is hereby renewed from year to year at the option of the holders until paid, and during such year the maker shall not have the right to pay the same."

This note was secured by a mortgage upon real property, some of which was situated in the county of Sacramento and some of which was situated in the county of Alameda, California. The mortgage was duly recorded in both these counties. On May 17, 1913, the plaintiffs signed the following release upon the margin of the records of Sacramento County: "This mortgage is fully paid, satisfied and discharged, Louis Caffaro, Francesca Caffaro. Signed and acknowledged before me this 17th day of May, 1913. C. A. Root, County Recorder." No release was recorded in the county of Alameda and the property situated therein was transferred to W. D. McKoy in March, 1917. McKoy was made a defendant herein, but has not appealed from the judgment of foreclosure, and so there is no question before us as to the right of plaintiffs to subject the property in Alameda County to the payment of the debt. The appeal concerns itself merely with the deficiency judgment against

Romani, who claims that as to him the debt is discharged and satisfied by the written release.

The appeal presents two questions. [1] The first contention of appellant is that the action is barred by section 337 of the Code of Civil Procedure. This is true, unquestionably, unless the clause above quoted, automatically renewing the note from year to year, prevents the statute from running. The only case which the parties have been able to present to the court which involves a similar provision in a note is the case of *Kleinsorge* v. *Kleinsorge,* 133 Cal. 412 [65 Pac. 876]. In that case the validity and effect of the provision in question was not directly in issue, for the opinion states that it was conceded by appellant that it was competent for the parties to provide for a renewal of the note by its own terms. The court proceeds upon the assumption that a provision such as we have in the instant case automatically renewed the note from year to year, and, apparently, saw no objection to such provision or such effect, for the opinion states: ''The note was dated August 1, 1896, and was drawn payable one year after date. It was by its terms renewed for 1897, 1898 and from August 1, 1899.'' By analogy, the note in the instant case became due April 16, 1915, and was, by its terms, renewed for 1916, 1917, 1918, and 1919 and suit was brought upon it within four years from April 16, 1919.

Appellant contends that even though the note be construed as self-renewing, there should be some limit to the number of automatic renewals, and he cites the case of *Wells-Fargo* v. *Enright,* 127 Cal. 669 [89 L. R. A. 647, 60 Pac. 439]. We do not think this case supports the contention. It holds that no question of public policy is involved in the statute of limitations and the protection of said statute may be waived; that when such waiver occurs, it becomes an estoppel to plead the statute. The opinion mentions that some of the cases from other jurisdictions place a limit upon the time in which the waiver is effective, accepting the statutory period as a reasonable limitation. But in *Wells-Fargo* v. *Enright, supra,* decision of that question is expressly withheld and the conclusion reached is based upon the fact that the action involved there was brought in time. So in the instant case, it is unnecessary for us to announce any definite limitation upon the period for which the statute may be waived, for

even though such period be measured by the period mentioned in the statute itself, this action was brought in time.

[2]   The other question before us is as to the effect of the release upon the margin of the record in Sacramento County.  Section 2938 of the Civil Code provides: ''A recorded mortgage may be discharged by an entry in the margin *of the record thereof*, signed by the mortgagee, or his personal representative or assignee, . . . ''   The mortgage sought to be foreclosed in this case was a mortgage upon property in Alameda County and the only effective record thereof was the record in Alameda County, and no release appears upon that record in conformity with the code section above quoted, and we think such mortgage was not released by the marginal entry in Sacramento County.  This conclusion also reaches the equity of the situation, for by the testimony of the appellant himself it appears that by the marginal release in Sacramento County, the parties only intended to release the Sacramento property from the mortgage because only $750 had been paid by the mortgagor, and the parties all understood that the balance was to remain a lien upon the property in Alameda County.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1925.

All the Justices concurred.