[L. A. No. 12738. In Bank.—June 22, 1931.]

N. J. MOREHOUSE, Respondent, v. W. S. ALLEN, Appellant.

(1)

W. S. Allen, *in pro. per.,* for Appellant.

William A. Barnhill and Lewinson & Barnhill for Respondent.

THE COURT.—This is an appeal from a judgment entered upon an order granting the plaintiff's motion for judgment on the pleadings.

The action was on a promissory note dated February 28, 1921, for $3,000, executed and delivered by the defendant to the plaintiff. The terms of the note provide that it is payable "on demand, six months after date", but it is also provided that "in the event of the extension, renewal, novation, or substitution of a certain note of February 15th, 1921, for $3,000 made by Carl R. Suksdorf and others in favor of N. J. Morehouse, then the time for the payment of this note shall automatically be extended to the same date as the maturity of such aforesaid extension, renewal, novation or substitution". In his complaint, after setting forth a copy of a note, the plaintiff alleged that the note of February 15, 1921, described in the note sued on, had been assigned and transferred to the defendant; that about June 6, 1922, the defendant accepted a novation of said note dated February 15, 1921, which new or substituted note matured on June 6, 1927, and that the plaintiff made due demand for the payment of the note sued on which was refused. Plaintiff prayed judgment for the principal sum of the note and interest. The action was commenced in July, 1927.

The defendant by his answer admitted the allegations of the plaintiff's complaint with the exception that he denied that the note sued on matured on June 6, 1927, or that the novation or substituted note had yet matured; and alleged as a separate defense the contract of novation wherein it was agreed by the parties, "If this note is not paid on or before June 6, 1927, it is hereby renewed from year to year at the option of the holder, until paid." It is also

alleged in the answer that in a certain action commenced and terminated in the superior court of the county of Los Angeles it was adjudged that the novation was legal and binding upon the parties to it. It is further alleged by the defendant that the substituted note has not yet been paid, but that the defendant, the holder thereof, on or about June 6, 1927, exercised the option provided therein to renew said note for one year from June 6, 1927, and that said note as so renewed is not yet due and has not been paid.

The plaintiff made a motion for judgment on the pleadings on the ground that the allegations of the answer did not constitute a defense to the plaintiff's cause of action and that the plaintiff was entitled to judgment on the note as prayed. The trial court granted the motion on the ground stated and from the judgment entered thereon the defendant has prosecuted this appeal.

The only question to be decided is whether, assuming the truth of the allegations contained in the pleadings, the plaintiff's action has been prematurely brought.

Provisions such as contained in the contract of novation or substituted note of June 6, 1922, for renewal from year to year have been before the reviewing courts of this state, but have never been declared invalid. (*Kleinsorge* v. *Kleinsorge*, 133 Cal. 412 [65 Pac. 876]; *Caffaro* v. *Romani*, 70 Cal. App. 448, 450 [233 Pac. 412].) The plaintiff does not question the effect of the contract of novation itself, but contends that the note sued on, the maturity of which is concededly controlled by the maturity of the contract of novation, by its terms definitely matured on June 6, 1927. He bases this contention on the argument that "maturity" and "renewal" are two different or distinct things. In other words, if we correctly interpret the plaintiff's contention, it is that inasmuch as the note sued on provides that the time of its payment shall automatically be extended to the same date as the *maturity* of any novation or substitution of the note of February 15, 1921, and since the maturity date of the substituted note is, so he claims, June 6, 1927, the note sued on automatically becomes due on the latter date, which he calls the "fixed" date of maturity; and that the date of payment as it may be changed or extended by the

exercise of the option to renew, is something other than the maturity date of the note.

Looking at the pleadings as a whole and at the instruments set out therein, it must be deemed to have been the intent of the parties that the note sued on was not to be due or payable until the note described therein, or any novation or substitution thereof, became due and payable. We think this must be held to be the literal interpretation as well of the pertinent clause in the note sued on, inasmuch as the maturity date of the substituted note must necessarily be the day and date upon which, under its terms, by exercise of the option to renew or otherwise, it becomes due and payable.

Further contentions made or arguments offered do not bear upon the question presented.

We conclude that the plaintiff's action has been prematurely brought and that the judgment should be and it is hereby reversed.