[Civ. No. 4950. Third Appellate District.—December 2, 1933.]

H. R. EDWARDS, Appellant, v. MODOC COUNTY BANK et al., Respondents.

Thomas H. Breeze and C. S. Baldwin for Appellant.

Oscar Gibbons and White, Miller, Needham, Harber & Mering for Respondent Modoc County Bank.

Sullivan, Roche, Johnson & Barry for Respondent Rainey.

PARKER, J., *pro tem.*—This is a companion case to *Edwards* v. *Modoc County Bank,* this day decided (Civ. No. 4949, *ante,* p. 550 [27 Pac. (2d) 797]). The two cases were tried together and submitted upon the same brief, with an exception to be hereinafter noted.

As was noted in the former action, there was a promissory note given by Meckfessel to the Modoc County Bank, which note was executed by Meckfessel for himself, and for and on behalf of the plaintiff Edwards, under a

power of attorney vesting such authority in Meckfessel. It has been determined that this note was for a consideration moving to the partnership, for the debts of which each partner was liable. The present action was to recover certain securities belonging to Edwards and held by the bank as collateral. The bank cross-complains, setting up a balance due on the note and asking judgment for the said balance, and a decree fastening such amount upon the securities so held, with an order for the sale of sufficient to discharge the debt.

All of these issues are determined in the previous suit, and the parties agree that a decision in the former suit would conclude the questions presented in the instant appeal, save as hereinafter.

■ The promissory note around which the litigation centers was secured by a chattel mortgage on certain cattle. In January of 1931 these cattle were sold and the proceeds applied upon the note. Such proceeds were insufficient to meet the face of the note. On January 29, 1931, there was a marginal entry upon the page and book of the record of the mortgage, as follows: "This mortgage is fully paid, satisfied and discharged. Modoc County Bank, by Mitchell Tillotson, cashier." It is appellant's claim here that this entry completely discharged and wiped out the debt secured by the note.

It is possible, though we have no occasion to so decide, that if this were an action to foreclose the mortgage, or if the rights of innocent third parties, misled by the marginal entry, were involved, the question might deserve serious consideration. But here, where there is no claim of payment, and no claim of compromise or acceptance of a lesser amount in discharge of the debt, we consider the point unworthy of further consideration. No authority is cited, save a code section, which declares a rule of substantive law but remotely applicable to the fact.

It will be noted that the entry does not state that the debt secured by the mortgage was discharged, but simply that the mortgage on the specific property was satisfied and paid. (See *Caffaro* v. *Romain*, 70 Cal. App. 448 [233 Pac. 412].) In so far as the mortgage went, the sale and delivery participated in by the mortgagee, with or without foreclosure, would have the practical and legal effect of removing the

lien from the chattel. Not a suggestion of fraud enters the case, and the plaintiff does not urge that in any way he was injured. He stands solely upon the marginal entry and claims his debt discharged.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.