[Civ. No. 4858.   Third Appellate District.—December 27, 1933.]

LILLIAN HASMAN, Respondent, v. SIM CANMAN et al., Appellants.

92

Clare S. Johnston for Appellants.

R. L. Shinn and Charles J. Hasman for Respondent.

PARKER, J., *pro tem.*—The action is to recover a balance claimed due upon a promissory note executed by defendants and payable to plaintiff. The case was tried without a jury and judgment going for the plaintiff the defendants prosecute this appeal.

The sole point involved is the statute of limitations. It is claimed that the action is barred under the provisions of section 337 of the Code of Civil Procedure, limiting the time within which an action may be commenced upon any contract, obligation or liability founded upon an instrument in writing.

The date of the promissory note in question is August 1, 1923, and the term of the note is three years, making the same due on August 1, 1926. The present action was commenced on December 5, 1930.

The chronology would indicate the limitation claimed. However, there was a clause in the note which causes the controversy. ■ The note provides: "If this note is not paid at maturity it is hereby renewed from year to year, at the option of the holder, until paid, and during such year

the makers thereof shall not have the right to pay the same.''

It is conceded that the note was not paid at maturity and the finding of the trial court as to renewal is in the following language: ''That said promissory note matured on the first day of August, 1926, and was thereafter regularly renewed from year to year, according to its terms, and interest thereon was paid during such terms of renewal but plaintiff did nothing to show that she had exercised her option to renew the note except that she forbore to sue or to do any other thing to collect the note and that she collected interest thereon after the due date thereof.''

The appellant attacks this finding to the effect that the note was renewed as not being sustained by the evidence.

Without detailing the record there is no question but that there is a lack of evidence as to any act manifesting the exercise of the option other than as found by the court in the plaintiff's forbearance and receipt of interest. Therefore the question presented is whether or not the provision for a renewal is self-operating.

Similar provisions have been before the courts of this state in a number of cases. Perhaps the latest expression of the Supreme Court on the subject may be found in *Morehouse* v. *Allen,* 213 Cal. 1 [300 Pac. 961]. In this case the court holds such provisions valid.

In *Caffaro* v. *Romani,* 70 Cal. App. 448 [233 Pac. 412], the court accepts the doctrine of *Kleinsorge* v. *Kleinsorge,* 133 Cal. 412 [65 Pac. 876], and the Caffaro case construes the Kleinsorge case as holding that a provision such as we have under consideration here · is self-executing and that upon maturity, where the obligation remains unpaid, the renewal is automatic. The court then, in the Caffaro case applied the same doctrine as is manifested by this language: ''By analogy, the note in the instant case became due April 16, 1915, and was, *by its terms,* renewed for 1916, 1917, 1918 and 1919 and suit was brought upon it within four years from April 16, 1919.''

And so in the case before us, if the note was renewed in 1926, 1927, 1928, 1929 and 1930, the action was brought within four years of breach.

It might be here noted that the complaint alleged and the trial court found, which finding is undisputed, that the

note carried a provision for acceleration of the due date in case interest was in default. This contingency occurred and plaintiff exercised her option to declare the entire sum due, as was her right regardless of any renewal. (*Kleinsorge* v. *Kleinsorge,* 133 Cal. 412 [65 Pac. 876].)

The claim of appellants here is that there could be no renewal under the clause noted unless there was some positive, definite action on the part of the holder which would give notice to the makers of the intention of renewing the note from year to year. Appellants do not point out just what form this action should take or what in their opinion would have been a sufficient notice to them.

Reliance is placed by appellants upon certain cited cases which we may note.

The case of *California State Bank* v. *Webber,* 110 Cal. 538 [42 Pac. 1066, 1067], discusses a provision identical with the one before us. In that case it was the maker, who was contending that there had been a renewal. There, as here, no action of any sort was taken by the holder indicating the intent of renewal. The court says: "To maintain this point it devolved upon the defendant (maker) to show affirmatively that the plaintiff, in the exercise of the option given him, renewed the note and thereby extended the time of payment to a day later than that on which the action was commenced; yet he neither alleged nor attempted to prove such renewal of the note. In the absence of evidence tending to prove it, such renewal of the note cannot be presumed."

We construe this language as having application only to the case being decided. We think that the reasoning of the case is better illustrated by the following language: "If there had been a renewal of the note, whereby the time of payment was extended to a later date than that on which the action was commenced, such renewal would have been relevant only as an affirmative defense, which must have been pleaded and proved by the defendant."

Reconciling this authority with those previously quoted, the rule would be that the provision is self-operating and automatically postpones the date of maturity excepting in cases where the conduct of the holder indicates a contrary intent.

In other words, whatever the contention of the maker might be, whether he contends that the note has been renewed or that it has not been renewed, the burden always rests upon him as a matter of affirmative defense to prove his contention.

Next appellants cite the case of *Trinity Bank* v. *Haas*, 151 Cal. 553 [91 Pac. 385]. This case deals with a situation where the holder sought to accelerate the due date of a note rather than postpone it. The note before the court in that case provided that upon a default in the payment of interest, before the due date of the principal, the holder at his option, might declare the entire sum of interest and principal forthwith due. The court held that the option could be exercised without notice of any kind to the maker. But the holding went further and held that the option must be exercised while the maker was in default and that if the maker paid the interest before the option was exercised there was no default at the time the holder declared the entire sum of principal and interest due. But if a default had taken place and continued up to the time of commencement of suit it was held that there was no requirement that the holder manifest in any' way his decision to exercise the option given.

In *Stalder* v. *Riverside Groves & Water Co.*, 167 Cal. 560 [140 Pac. 252], the same question was before the Supreme Court as decided in the Trinity Bank case, namely the exercise of an option to declare the note due upon a default in interest payments before maturity. It was again held that notice of the exercise of the option was unnecessary but that the holder must do some act to negative a waiver and that until that time the maker may terminate the option by a payment of the interest due.

The theory of both cases last cited closely approaches that of estoppel. The acceleration provisions of the notes under consideration operated in the nature of a penalty on default of the obligor and were for the exclusive benefit of the obligee. In its very nature the option given demanded a claiming of the right of acceleration, in the absence of which the obligor could assume a waiver.

Coming then to the case at bar. When the note before us was executed the maker knew of its terms and of

the provisions which might postpone the due date. When the original date of maturity arrived, the holder could do one of two things. She could demand payment, thus definitely announcing her determination to refuse the option given her, or she could forbear under her option.

No action of any sort indicated clearly that the holder was not desirous of enforcing payment. It she had, upon the maturity date, as set forth in the note, written to the makers stating that she did not consider the note due and that pursuant to the option she had renewed the note for another year, no particular benefit would have accrued to the makers and by her failure so to do no right of the makers was lost nor any penalty inflicted.

A fair construction of this provision giving the holder the option of continuing the note from year to year would be that the same is tantamount to a waiver of the statute of limitations. In other words, the practical effect of this provision is to say to the payee, "We will pay you this money on August 1st, 1926, and if we do not pay you on that date you may, as you please, consider this our promise to pay you on August 1st, 1927, and so on each due date if we do not make payment."

The failure to insist upon payment when due is a matter of indulgence on the part of the payee and on the part of the makers is, as stated, manifestly a waiver of limitation.

The law is settled in this jurisdiction that the statute of limitations may be waived and little doubt is left that it may be waived for all time. (*Brownrigg* v. *DeFrees*, 196 Cal. 534 [238 Pac. 714].)

When the courts hold that a provision for renewal contained within an instrument is a valid provision (*Morehouse* v. *Allen, supra*) it necessarily implies the court's willingness to enforce the same. Likewise, the general policy of the law is to give effect to every valid provision of a contract, not unlawful or against public policy.

█ Some stress is laid on the fact that the husband and attorney for plaintiff on or about the original due date, August 1, 1926, wrote to defendants, stating that the note was about to outlaw and advising of enforced collection through suit. We know of no law that authorizes an attorney to waive rights of his client through a binding construction of the legal effect of an instrument, though, in passing

it may be noted this is occasionally done. Further, it may be noted that when these letters were written a third party had acquired rights that might be affected. Further still, it may be noted that plaintiff's attorney explained the reason of the letters being in the language used and the trial court evidently accepted this explanation. It would, in these days and times, seem somewhat of a travesty to penalize one for forbearance unless the law compelled such action.

It is our conclusion that the judgment should be affirmed, and it is so ordered.

Pullen, P. J., and Thompson, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 21, 1934.