WATTLES *v.* AGELASTOS

1. BILLS AND NOTES—SECURITY INTEREST—SALE OF COLLATERAL.

Plaintiff's right to sue on a promissory note executed by defendants for the balance of the purchase price of a business together with a security interest in the business and fixtures was not extinguished by the sale of the business to a third party where the sale was made by agreement between plaintiff and defendants and the parties contemplated that a partial credit would be given on the note and the monthly installment payment would be reduced.

REFERENCES FOR POINTS IN HEADNOTES

[1] 11 Am Jur 2d, Bills and Notes §§ 201–204.
[2] 11 Am Jur 2d, Bills and Notes § 297.
[3] 11 Am Jur 2d, Bills and Notes §§ 181, 184, 294, 295.

2. NOVATION—PARTIAL NOVATION—BILLS AND NOTES.

A partial novation resulted to the extent of the amount received from the sale of a business to a third party where it is apparent from defendants' admissions that the parties contemplated that, in return for defendants' sale of their interest in the business, the holder of the promissory note executed by defendants when they purchased the business from him would give a credit on the note for the amount received from the third party and reduce the monthly installments payable on the note.

3. BILLS AND NOTES — MODIFICATION — CONTRACTS — ACCELERATION CLAUSE.

A memorandum agreement which only modified the time for payment and the amount of monthly installments on a promissory note and, by its terms, did not specify the amount payable but required reference to the promissory note to determine the balance due created a new contract between the parties, the note and agreement constituting the new contract, and the other terms of the note, not modified by the agreement and specifically the provisions of the acceleration clause on the note, were still in effect although the agreement contained no acceleration clause.

Appeal from Wayne, Theodore R. Bohn, J. Submitted Division 1 August 18, 1970, at Detroit. (Docket No. 8,381.)   Decided October 30, 1970.

Complaint by Thomas I. Wattles, ancillary administrator of the estate of Elizabeth Lillian Vassel, deceased, against Milton Agelastos, Catherine Agelastos, James Agelastos and Mary Agelastos, for the balance due on a promissory note. Summary judgment for plaintiff. Defendants appeal. Affirmed.

*Kerr, Wattles and Russell* (*Richard D. Weber,* of counsel), for plaintiff.

*Cartsos, Christi & Rosati,* for defendants.

Before: Fitzgerald, P. J., and Quinn and O'Hara,* JJ.

O'Hara, J. Plaintiff, ancillary administrator of the estate of Elizabeth Vassel, was granted summary judgment below on a claim arising out of a promissory note. Defendants appeal as of right.

In 1964, defendants purchased a restaurant business from plaintiff's decedent. The purchase price was $30,000; defendants paid $8,300 in cash, executed a promissory note for the balance and gave a security interest in the restaurant and fixtures.

The note promised payments of $250 per month. We can establish from the record that defendants defaulted on the note some time in 1966 when the unpaid balance was $18,824.35. At that time, plaintiff's decedent and defendants agreed to sell the restaurant business to a third party for $10,350. Plaintiff's decedent credited that amount to the unpaid balance due on the note and a memorandum agreement was executed which reduced the monthly payments to $150 per month.

Defendants again defaulted, leaving a principal balance due of $6,974.35. Summary judgment was granted below to plaintiff in that amount.

Contrary to defendants' claim, we do not agree that the sale of the business to the third party extinguished the plaintiff's right to sue on the note. It was not intended as a foreclosure sale of secured collateral under MCLA § 440.9504 (Stat Ann 1964 Rev § 19.9504). Even were it a foreclosure sale it would not necessarily impair the right to hold defendants for the deficiency on the note. MCLA § 440.9504(2) (Stat Ann 1964 Rev § 19.9504[2]).

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Defendant Milton Agelastos admitted that he and plaintiff's decedent *agreed* to sell their interests to the third party. Furthermore, defendants admitted in their pleadings that immediately after the sale there remained an outstanding indebtedness on the note. It is apparent from these admissions that the parties contemplated that in return for defendants' sale of their interest, plaintiff's decedent would give a credit of $10,350 on the note and reduce the monthly installments thereon. The result is a partial novation to the extent of $10,350 received from the third party. See *Ceabuske* v. *Smolarz* (1924), 229 Mich 100.

The remaining issue is whether plaintiff was entitled to judgment in the full amount of the unpaid balance of the note, or whether recovery was limited to the amount of installments in default at judgment.

The note executed by defendants contained an acceleration clause which gave the holder, upon default of monthly payments, the option to mature the entire balance due. Defendants do not contest the validity of that clause, but argue that the memorandum agreement (which contained no such clause) constituted a new undertaking, independent from the prior obligation. We disagree.

The memorandum agreement was not a new negotiable note. A holder of a negotiable instrument must be able to determine the amount payable from the instrument itself. It must be payable in a sum certain in money. MCLA § 440.3106 (Stat Ann 1964 Rev § 19.3106). This agreement, by its terms, did not specify the amount payable, but required reference to the prior promissory note to determine the balance due. It is clear from the record that the memorandum only modified the time for payment and amount of monthly installments. It, in effect, created a new contract between the parties;

the note and extension agreement constituting one contract. *Buckman* v. *Hill Military Academy* (1948), 182 Ore 621, 189 P2d 575. The other terms of the note not modified by the extention agreement, and specifically the provisions of the acceleration clause, were still in effect. *Earhart* v. *Robinson* (Tex Civ App, 1919), 215 SW 973; *Hasman* v. *Canman* (1933), 136 Cal App 91 (28 P2d 372).

The trial judge was correct in ruling that no genuine issue of material fact existed and defendants had not raised a valid defense.

Affirmed.

All concurred.